PEOPLE v McCARTNEY

1. CRIMINAL LAW—EXPERT WITNESSES—POLICE OFFICERS—NONRE-
   SPONSIVE ANSWERS.

   A nonresponsive and volunteered answer referring to a defend-
   ant's prior criminal activity is prejudicial error where the
   witness is a police officer and a fingerprint expert; a prosecutor
   has a high degree of duty to insure that police officers do not
   venture into forbidden areas in their testimony and the Court
   of Appeals will not let a prosecutor sit back and ask open-ended
   questions of police officers and then, thereafter, deny culpabil-
   ity when the officer makes an inadmissible statement.

2. CRIMINAL LAW—PROSECUTOR'S REMARKS—DEFENDANT'S FAILURE TO
   TESTIFY.

   A prosecutor's comment upon the fact that defendant had not
   testified where he said "I didn't even hear him [defendant]
   testify to anything" clearly went beyond any permissible com-
   ment in response to defense counsel's argument and caused
   reversible error.

3. CRIMINAL LAW—JURY—POLLING OF JURY.

   A question in polling the jury as to their verdict phrased "Was
   that, and is that, your verdict?" is more proper than a question
   "What is your verdict?"

Appeal from Eaton, Willard L. Mikesell, J. Sub-
mitted Division 3 March 15, 1973, at Lansing.
(Docket No. 14554.) Decided April 26, 1973.

Robert Vincent McCartney was convicted of en-
tering without breaking and larceny of property
with a value in excess of $100. Defendant appeals.
Reversed and remanded for new trial.

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Expert and Opinion Evidence § 123.
[2] 53 Am Jur, Trial § 458 *et seq.*
[3] 21 Am Jur 2d, Criminal Law §§ 370–375.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald E. Zimmer,* Prosecuting Attorney, *Robert J. Deitrick, Jr.,* Chief Assistant Prosecuting Attorney, and *William B. Davis, Jr.,* Assistant Prosecuting Attorney, for the people.

*Church, Wyble, Kritselis & Van Duzer* (by *J. Richard Robinson),* for defendant.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Defendant was found guilty by a jury of entering without breaking with intent to commit a larceny, MCLA 750.111; MSA 28.306, and larceny of property with a value in excess of $100, MCLA 750.356; MSA 28.588. Defendant was sentenced to concurrent sentences of two to five and three to five years in prison.

During the trial a sheriff's deputy who was a fingerprint expert was called to the stand to identify certain prints which had been found about the situs of the crime. The prosecutor in his questioning of the witness asked if the witness had ever taken defendant's fingerprints. The witness answered that he had taken defendant's fingerprints in 1969. The charged crime occurred in 1971. Defense counsel immediately objected. The trial judge responded that:

"Well, I will permit the prosecutor to proceed a ways to see whether or not it connects up with anything he asks. The only statements at this point is he printed the defendant in 1969."

Thus encouraged, the prosecutor, not content with

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the mere possible intimation of some prior contact with defendant involving some criminal activity, asked the witness to identify a proposed exhibit; to which the witness answered:

> "Yes, sir. This is a palm print card from the Michigan State Police. It has on it the name of Robert Vincent McCartney; date of birth, 7-11-36; the date taken was 2-19-69; has a number 16,629 which is the inmate number; bears my signature and the signature of Mr. McCartney as to both the right and the left palm print."

The witness further indicated that palm prints were only taken in felony cases.

The prosecutor moved for the admission of the proposed exhibit. Defense counsel objected to the proposed exhibit and further asserted that the reference indicating that defendant had been arrested on a prior occasion was so prejudicial that it could not be cured by an instruction. The trial court refused to admit the exhibit, but denied the motion for a mistrial. The judge attempted to cure the error by instructing to disregard the testimony.

There is no question that the references by the witness were improper and prejudicial. On appeal the prosecutor, while admitting that the comments constituted error, asserts that reversible error did not result since the erroneous comments were volunteered and non-responsive, were cured by the trial court's instruction and were, in any event, harmless.

We are unimpressed with the assertion that the error was curable by an instruction since the controverted comments by the witness were non-responsive and volunteered. Even if this Court were to give the prosecutor the benefit of the

doubt as to whether the answers given were truly non-responsive, we feel that the prosecutor has a high degree of duty to insure that police officers do not venture into forbidden areas in their testimony. While we can sympathize with the prosecutors where witnesses other than police officers blurt out volunteered and non-responsive answers, we are less willing to overlook such responses when police officers are involved. We will not let the prosecutor sit back and ask open-ended questions of police officers and then, thereafter, deny culpability when the officer makes an inadmissible statement.

It is questionable whether the continued reference to the defendant's prior criminal involvement could be cured by any instruction. In any event, we find that the instruction as given was not sufficient to eradicate the patent prejudice which must have existed in the juror's minds. See *People v Sullivan,* 32 Mich App 181 (1971). Certainly, since we are not prepared to hold that the prejudice was cured by the instruction given, we are equally unprepared to say that the error was harmless beyond a reasonable doubt. Accordingly, we reverse defendant's conviction and remand for a new trial, at which *all* references to defendant's prior criminal activities should be avoided.

Even were we not convinced that the above discussed error required reversal, we would be compelled to reverse by reason of the prosecutor's blatant comment upon the fact that defendant had not testified. The prosecutor asserts that such comment was necessitated as a response to defense counsel's argument. Assuming that questionable premise, it was certainly unnecessary for the prosecutor to go so far as to say "I didn't even hear him testify to anything". Clearly this went beyond

any permissible comment in response to defense counsel's argument.

Since the other asserted errors were never brought before the trial court, or are unlikely to occur on retrial, we will not consider them. We would note however that the problem which arose during the polling of the jury as to their verdict would be alleviated by merely asking each juror "Was that, and is that, your verdict?" rather than the asked question "What is your verdict?"

Reversed and remanded for a new trial.

All concurred.