## PEOPLE v McCARTNEY

1. Criminal Law—Evidence—Testimony of Accused—Impeachment—Prior Convictions—Discretion.

    A trial court has discretion to allow into evidence for impeachment purposes the record of prior felony convictions of an accused who chooses to testify in his own behalf but the use of municipal ordinance violations and misdemeanor convictions for impeachment purposes is prohibited.

2. Criminal Law—Evidence—Prior Convictions—Impeachment—Discretion—Considerations.

    A trial judge, when requested, must exercise his discretion in determining whether to exclude reference to a prior conviction record by considering the nature of the prior offense, whether it is for substantially the same conduct for which the accused is on trial, and the effect on the decisional process if the accused does not testify from fear of impeachment.

3. Criminal Law—Appeal and Error—Evidence—Discretion—Impeachment—Prior Convictions.

    A defendant may raise on appeal the issue that a trial court either failed to exercise its discretion or, in the exercise of its discretion, violated the proper standards, where the defendant's motion to preclude his impeachment by evidence of prior convictions is denied and he subsequently decides not to testify.

4. Criminal Law—Criminal Record—Prior Convictions—Impeachment—Burden of Persuasion.

    A defendant does not have the burden of persuading the court

---

References for Points in Headnotes

[1–4] 21 Am Jur 2d, Criminal Law § 585.

[5] 75 Am Jur 2d, Trial §§ 729–737.

   Duty of court to instruct on the subject of alibi. 118 ALR 1303.

   Burden and degree of proof as to alibi. 124 ALR 471.

   Instructions disparaging defense of alibi. 146 ALR 1377.

[6] 21 Am Jur 2d, Criminal Law § 225.

   Suppression of evidence by prosecution in criminal case as vitiating conviction. 33 ALR2d 1421.

[7] 52 Am Jur 2d, Lost and Destroyed Instruments §§ 59–61.

   Comment Note.—degree or quantum of evidence necessary to establish a lost instrument and its contents. 148 ALR 400.

that his criminal record should be excluded from use for impeachment purposes; it is the prosecutor who must justify its admission.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI—CASE PRECEDENT.

A jury instruction that the defense of alibi is easy to prove and hard to disprove has been recently condemned by the Supreme Court, but the effect of that decision is prospective only.

6. CRIMINAL LAW—EVIDENCE—CONSTITUTIONAL LAW—PROSECUTORS—SUPPRESSION OF EVIDENCE—MATERIAL EVIDENCE—DUE PROCESS.

Suppression by the prosecution in the face of a request by a defendant of evidence favorable to the accused and material either to guilt or punishment violates the due process guaranty of the constitution irrespective of the good or bad faith of the prosecutor.

7. CRIMINAL LAW—EVIDENCE—LOST EVIDENCE—PROSECUTORS—EARNEST EFFORT TO PRESERVE.

If evidence which is requested by a defendant and which was in the control or possession of the prosecution is lost, the prosecution need only prove that an earnest effort was made to preserve the evidence after the discovery request was first made.

Appeal from Eaton, Willard L. Mikesell, J. Submitted Division 3 February 5, 1975, at Grand Rapids. (Docket No. 19680.) Decided April 25, 1975.

Robert V. McCartney was convicted of entering without breaking with intent to commit larceny, and larceny of property over the value of $100. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David L. Smith,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Aloysius J. Lynch,* Special Assistant Attorney General), for the people.

*Elizabeth Schwartz,* Assistant State Appellate Defender, for defendant.

Before: Bronson, P. J., and M. F. Cavanagh and D. F. Walsh, JJ.

M. F. Cavanagh, J. Defendant was originally convicted of entering without breaking with intent to commit larceny, MCLA 750.111; MSA 28.306, and larceny of property with a value in excess of $100, MCLA 750.356; MSA 28.588. He was sentenced to concurrent sentences to two to five and three to five years in prison.

On appeal this Court reversed in *People v McCartney,* 46 Mich App 691; 208 NW2d 547 (1973), because of an improper reference by a police officer to defendant's prior criminal activity. Defendant, at his second trial, was again found guilty by a jury of the same offenses and was once again sentenced to two to five and three to five years in prison, with credit for time already served.

Defendant raises seven issues on appeal which he contends justify reversal. Because of the disposition in this case, only three require discussion.

After the prosecution had rested its case, defense counsel moved that the trial court exercise its discretion and refuse to allow defendant to be impeached by his prior criminal record should he decide to testify in his own behalf. The trial court denied the motion, and defendant subsequently declined to testify.

Whether to allow impeachment by evidence of prior convictions is constitutional is a question about which there is much doubt at present and a question we need not answer in this opinion. Likewise, it is unnecessary to review in detail the weight of authority in other jurisdictions which opposes the current Michigan practice giving the

trial court discretion to allow prior felony convictions. See *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), and *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971). However, the use of municipal ordinance and misdemeanor convictions for impeachment purposes is prohibited. *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974).

A trial judge, when requested to do so, must exercise his discretion in determining whether to exclude reference to a prior conviction record. *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974). In *Jackson* the Michigan Supreme Court cited with approval the adoption by this Court in *Farrar* of the guidelines for the exercise of the trial court's discretion which were explained in *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967):

> "Among the factors to be considered are the nature of the prior offense, whether it is for substantially the same conduct for which the accused is on trial, *and the effect on the decisional process if the accused does not testify from fear of impeachment by prior convictions."* 391 Mich 323, 333; 217 NW2d 22, 25 (Emphasis added.)

The people argue that since defendant did not take the stand, this question is moot. This argument ignores one of the factors utilized by this Court in *People v Farrar, supra,* in issuing guidelines for trial courts when considering whether to allow impeachment by prior convictions: " * * * the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions." 36 Mich App at 303; 193 NW2d at 367.

Further support for rejecting the prosecutor's argument can be found in the disposition ordered by the Michigan Supreme Court in *Jackson, supra:*

"In this case, at the conclusion of the people's proofs, Jackson's lawyer asked the judge to bar the use of his conviction record should he take the stand and testify in his own behalf. The judge responded that under the statute he had no choice but to allow the use of such evidence for impeachment purposes. The judge, thus, did not recognize that he enjoyed a discretion to exclude such evidence and, in refusing counsel's request, did not exercise his discretion to allow or disallow the use of such evidence. On remand, the *trial judge shall, upon request,* in the exercise of his discretion, decide whether to exclude any reference to Jackson's prior conviction record." 391 Mich at 336; 217 NW2d at 26–27 (Emphasis added).

We conclude that where defendant's motion to preclude his impeachment by prior convictions is denied and he subsequently decides not to testify, he may nevertheless raise the issue on appeal that the trial court either failed to exercise its discretion or, in the exercise of its discretion, violated proper standards.

In denying defendant's motion, the court stated that it could not decide this discretionary matter until the defendant had taken the stand and the prosecutor had laid an adequate foundation to question the defendant concerning his prior criminal record. In effect, the trial court refused to exercise its discretion. This is contrary to our reading of *Jackson* and *Farrar.*

The trial court also apparently believed that it was the defendant's burden to demonstrate prejudice in the use of his criminal record for impeachment. This is erroneous. In *People v Osteen,* 46 Mich App 409, 419; 208 NW2d 198, 203, *lv den,* 390 Mich 760 (1973), this Court stated:

"The prosecutor has no 'right' to stand before the jury and recite defendant's conviction record. When

admission is challenged he must offer reasonable grounds upon which the trial judge can justify his exercise of discretion in favor of admission."

The defendant does not have the burden of persuading the court that his criminal record should be excluded. The prosecutor must justify admission.

Since the trial court erred in failing to exercise its discretion when, at the close of the people's proofs, defendant moved to exclude impeachment by prior criminal record and in placing the burden of proving prejudice from same upon the defendant, this case must be reversed. We will address ourselves to two additional assignments of error to resolve questions likely to arise again upon a retrial.

The first is defendant's contention that the trial court erred in giving an instruction that the defense of alibi is "easy to prove and hard to disprove". This instruction was condemned recently by the Michigan Supreme Court in *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974). However, since the rule's effect is prospective only, it does not constitute reversible error in this case.

Secondly, defendant alleges that the prosecutor suppressed exculpatory evidence, namely a red shirt. It is undisputed that defendant properly moved before trial for production of the shirt. The prosecutor on appeal responds that the evidence was not suppressed, that the evidence is not exculpatory, and that the defendant had the full value of its introduction by referring to it during the trial.

The United States Supreme Court in *Brady v Maryland,* 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), held that the prosecution's suppression, in the face of defendant's request, of evidence

favorable to the accused and material either to guilt or punishment violated due process irrespective of the good or bad faith of the prosecutor. See also *Moore v Illinois,* 408 US 786; 92 S Ct 2562; 33 L Ed 2d 706 (1972). And in *People v Miller,* 51 Mich App 117, 119; 214 NW2d 566, 567 (1974), this Court observed:

"In a criminal prosecution the adversary process is not total. The people are obligated affirmatively to make known all the evidence of which they have knowledge bearing upon the charged offense, whether it be favorable or unfavorable to the prosecution. This is all the more so when, as in this case, the defense affirmatively demands an evidentiary item it has reason to believe is in the possession or control of the prosecution."

Sheriff Hoag at the preliminary examination testified that he had found defendant's shirt near the area where defendant was arrested. At trial, however, the sheriff could not recall having so testified. In any event, the defendant certainly had reason to believe that the shirt was in the possession or control of the prosecution.

Since identification was critical in this case, introduction of the shirt defendant claimed he was wearing on the day in question could have been favorable to his defense. It could have bolstered the credibility of his alibi witnesses and supported the contention that he was elsewhere at the time the offense took place.

If, upon retrial, defendant again moves that this evidence be produced, the trial court is instructed to hold an evidentiary hearing to determine the reason for nonproduction. If the evidence is within the control or possession of the prosecution, it should be made available to the defendant. If the

shirt is now lost, the prosecution need only demonstrate that it had made an earnest effort to preserve this evidence after the discovery request was first made. See *United States v Bryant,* 142 US App DC 132; 439 F2d 642, 651 (1971).

Reversed and remanded for a new trial and further proceedings consistent with this opinion.