## PEOPLE v NELSON

1. Criminal Law—Nolle Prosequi—District and Prosecuting Attorneys—Common Law—Statutes.

The nolle prosequi statute was not meant to significantly impair the common-law rule that only a prosecutor could exercise the power to enter a nolle prosequi; rather, the statute was enacted primarily to protect defendants by not allowing prosecutors to exercise this power unless the reasons therefor were stated on the record and leave of the court was obtained and recorded (MCLA 767.29; MSA 28.969).

2. Criminal Law—Nolle Prosequi—District and Prosecuting Attorneys—Statutes.

The nolle prosequi statute does not give a trial court the authority to sua sponte enter a nolle prosequi without the prosecutor's consent (MCLA 767.29; MSA 28.969).

3. Criminal Law—Nolle Prosequi—District and Prosecuting Attorneys—Courts.

There may be situations in which the public interest and the proper administration of justice would require a trial court to enter a nolle prosequi on its own initiative, but a trial court may enter a nolle prosequi on its own initiative and without the consent of the prosecutor only where it finds that either the prosecuting attorney or the examining magistrate has abused his discretion.

4. Criminal Law—Dismissal and Nonsuit—District and Prosecuting Attorneys—Abuse of Discretion.

A trial court did not have the authority sua sponte to enter a dismissal where it did not make any finding whatever that the prosecutor abused his discretion in originally charging the defendant or in later authorizing acceptance of defendant's plea of guilty of a lesser offense or find that the magistrate had abused his discretion in binding the defendant over for trial on the original charges.

References for Points in Headnotes
[1–4] 21 Am Jur 2d, Criminal Law §§ 152–519.
[5] 20 Am Jur 2d, Courts §§ 6, 36–41.

5. COURTS—PROSECUTORIAL FUNCTION—CONSTITUTIONAL LAW.
   A trial court in exercising control over a prosecutorial function
   violates the constitutional separation of powers.

Appeal from Recorder's Court of Detroit, Robert L. Evans, J. Submitted November 10, 1975, at Detroit. (Docket No. 22623.) Decided December 3, 1975.

Ronald L. Nelson was charged with receiving and concealing stolen property with a value over $100 and larceny from a motor vehicle. Case dismissed. The people's motion to reinstate the cause and set aside the dismissal was denied. The people appeal by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Debra Gaither,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and McGREGOR and N. J. KAUFMAN, JJ.

McGREGOR, J. On September 29, 1974, a warrant and complaint were issued against the defendant, Ronald LaJuan Nelson, charging him with one count of receiving and concealing stolen property with a value of over $100 (MCLA 750.535; MSA 28.803), and one count of larceny from a motor vehicle (MCLA 750.356a; MSA 28.588[1]). Defendant waived examination and was bound over for trial on the charges contained in the warrant.

On October 24, 1974, the following proceedings

took place before Detroit Recorder's Court Judge Robert L. Evans:

"*The Clerk:* File Number 74-07588, the People of the State of Michigan vs. Ronald LaJuan Nelson, charged with receiving [and] concealing stolen property over a hundred dollars, larceny in an automobile.

"*Miss Gaither:* I have discussed this matter with Mr. Nelson and he indicates he wishes to waive the rights and plead guilty to the offense of attempted receiving concealing stolen property which is a two-year maximum felony offense.

"(Whereupon the defendant is sworn in by the Court Clerk.)

"*The Court:* What is your name?

"*Defendant:* Ronald Nelson.

"*The Court:* Your lawyer tells me you are currently serving a sentence in the State's prison, the minimum is two and a half, what is the maximum?

"*Defendant:* Two and a half to fifteen.

"*The Court:* Who gave you that?

"*Defendant:* Judge DelRio, about a month ago.

"*The Court:* The offense of attempting receiving stolen property over the value of a hundred dollars carries a maximum penalty of two and a half years. Apparently, you are already serving a minimum as much time as I could give you in maximum on this case, is that about the size of it?

"*Defendant:* Yes.

\*   \*   \*

"*The Court:* The record should reflect the Court has omitted the use of Constitutional warnings in this case in the taking of the plea. *He elects to dispose of this matter with a dismissal, it appearing the defendant has made an admission and is already serving more time than I could give him, this matter is dismissed."* (Emphasis added.)

On November 7, 1974, the people filed a motion to reinstate the cause and set aside the dismissal

on the grounds that the trial court lacked authority to dismiss the cause, "without motion by the prosecutor, for the reason that the defendant was convicted and sentenced on another case." The people now appeal from the trial court's order denying this motion.

The question presented here is whether a trial court has the authority to enter a nolle prosequi on its own initiative and without the consent of the prosecutor, where there has been no finding by the trial court that either the examining magistrate or the prosecutor had abused his discretion in not himself entering the nolle prosequi.

This issue, to a large degree, involves the interpretation of MCLA 767.29; MSA 28.969, which provides:

"It shall not hereafter be lawful for any prosecuting attorney to enter a nolle prosequi upon any indictment, or in any other way to discontinue or abandon the same, without stating on the record the reasons therefor and without the leave of the court having jurisdiction to try the offense, entered in its minutes."

In *People v Curtis,* 389 Mich 698, 705–706; 209 NW2d 243 (1973), the Supreme Court had occasion to review the history of this statute. There, the Court stated:

"A further review of the common law reveals that the nolle prosequi at that time could be retracted at any time, and must have become a *matter of record* to prevent a revival of proceedings on the original indictment. It thus appears clear to the Court that the forerunner of the present statute in question was enacted to protect the interests of the criminal defendant. This it did by requiring that thereafter all nolle prosequi would be entered on the record. This statute then had the effect of requiring a prosecuting attorney who

entered a nolle prosequi after indictment to obtain a new indictment and begin proceedings anew if he wished to reinstate the original charge. It thus effectively overruled the old common-law rules permitting a prosecutor to retract a nolle prosequi and immediately proceed to trial on the same indictment. * * * Today, as long as jeopardy has not attached, or the statute of limitations not run, our law permits a prosecutor to reinstate the original charge on the basis of obtaining a new indictment and thus beginning the process anew.

"It does not appear, therefore, that the Legislature in any way attempted to restrict the use of nolle prosequi in those circumstances where the prosecutor could not, solely at his discretion, reinstate the case for immediate trial." (Emphasis in original.)

Thus, the statute, as analyzed in *Curtis, supra,* was not meant to significantly impair the common-law rule that only the prosecutor could exercise the power to enter a nolle prosequi. Rather, the statute was enacted primarily to protect defendants by not allowing prosecutors to exercise this power unless the reasons therefor were stated on the record and leave of the court was obtained and recorded. While the statute, by requiring the trial court's permission, does effect some infringement on the prosecutor's exclusive common-law power, the initial decision as to whether or not to enter a nolle prosequi nevertheless remains an executive function and a part of the duties of the prosecutor.

This being the case, it therefore follows that the statute does not give the trial court the authority to *sua sponte* enter a nolle prosequi without the prosecutor's consent. As was stated in *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683–684; 194 NW2d 693 (1972):

" 'Acting as prosecutor, judge and jury' is a common description of an unfair and unlawful operation. How-

ever innocently and mistakenly, this is what happened in this case. The trial judge assumed the right over the objection of the prosecutor to determine under which of two applicable statutes a prosecution will be instituted. *As already indicated such determination is an executive function and a part of the duties of the prosecutor. For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers.* Const 1963, art 3, § 2. It also violates our fundamental sense of fair play." (Emphasis added.)

We do not hold, however, that in no circumstances can a trial court enter a nolle prosequi on its own initiative, without the consent of a prosecutor. There may very well be situations in which the public interest and the proper administration of justice would justify such a decision. We believe that the proper test for determining when such a situation exists is set forth in *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 121; 215 NW2d 145 (1974):

"A circuit judge does not enjoy supervisory power over a prosecuting attorney. He may reverse a magistrate's decision only for abuse of discretion. He may not properly substitute his judgment for that of the magistrate or prosecuting attorney as if he were reviewing the magistrate's decision *de novo* or acting in a supervisory capacity with respect to the prosecuting attorney. *He may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them."* (Emphasis added.)

Thus, a trial court may only enter a nolle prosequi on its own initiative and without the consent of the prosecutor where it finds that either the prosecuting attorney or the examining magistrate

has, under the circumstances, abused his discretion.

In the present case, the trial court did not make any finding whatever that the prosecutor had abused his discretion in charging defendant with the original two counts or in later authorizing acceptance of defendant's plea of guilty to the lesser offense. Neither did the trial court find that the magistrate had abused his discretion in binding the defendant over for trial on the original charges. Under these circumstances and after considering the relevant facts, we hold that the trial court did not have the authority to enter a dismissal in the present case.

We recognize that there are distinctions between the three cases we have cited and the circumstances in the present case. However, those cases also dealt with conflicts between the trial judge and the prosecutor during the plea-bargaining and plea-taking process. All were premised upon the belief that the determination of the offense to be charged and the determination of the plea to be negotiated are executive functions of the prosecuting attorney and, in most cases, beyond the judicial authority of the trial court. In this context, the facts of the instant case are not distinguishable from those present in each of those cases. In the other three cases, the trial court attempted to substitute its opinion for that of the prosecuting attorney on a matter which was within the duties of the prosecutor. Likewise, the trial court in the instant case also exercised control over a prosecutorial function and, in so doing, violated the constitutional separation of powers.

Reversed and remanded.