PEOPLE v McCARTNEY

Opinion of the Court

1. Criminal Law—Prosecuting Attorneys—Nolle Prosequi—Definition.

Nolle prosequi is defined as a formal entry upon the record, subject to statutory limitation, by the prosecuting officer in a criminal action by which he declares that he will no further prosecute.

2. Criminal Law—Nolle Prosequi—Court Approval—Sine Qua Non.

Normally nolle prosequi, in Michigan, is a dismissal of a criminal action without prejudice which does not preclude initiation of a subsequent prosecution; but to dismiss, trial court approval is necessary and this has been described as the "sine qua non" of the decision to nolle prosequi.

3. Criminal Law—Prosecuting Attorneys—Prosecutions—Nolle Prosequi—Discontinuance—Abandonment—Courts—Review.

Proposals by a prosecuting attorney to nolle prosequi, discontinue, or abandon a prosecution are subject to circuit court review of the record including the record made before the magistrate at the preliminary examination, the prosecutor's statements of the reasons for the proposal and the evidence filed in the case; the review is to determine whether the prosecutor's decision is in accord with the law, facts and reason of the matter.

4. Judges—Circuit Court Judges—Supervisory Power—Prosecuting Attorneys—Abuse of Power.

A circuit court judge does not enjoy supervisory power over a

References for Points in Headnotes

[1–6, 8, 9, 11–13] 21 Am Jur 2d, Criminal Law § 512 *et seq.*

Power and duty of court as to continuance of action or prosecution upon refusal of city, county, or district attorney to proceed therewith. 103 ALR 1253.

[7, 10, 14] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 6–9, 12.

prosecuting attorney and may reverse or revise the decision of a prosecutor to nolle prosequi, discontinue or abandon a criminal prosecution only if it appears on the record that he has abused his power.

5. CRIMINAL LAW—PROSECUTING ATTORNEYS—NOLLE PROSEQUI—DISCONTINUANCE—PROSECUTORIAL DISCRETION—JUDGE'S DISCRETION—STATUTES.

The Legislature has expressly required the prosecution to undergo certain formalities when seeking to discontinue prosecution; there are, however, limits on the prosecution's right to seek nolle prosequi and a trial judge in considering the charged offense, factual circumstances, a plea bargain and opinions of other interested parties, can refuse to accept a prosecutor's recommendation where he finds the prosecuting attorney has abused his prosecutorial discretion (MCLA 767.29; MSA 28.969).

6. CONSTITUTIONAL LAW—SEPARATION OF POWERS—PROSECUTING ATTORNEY—TRIAL JUDGE—PROSECUTIONS—AUTHORITY TO ACT.

The people have some interest in the proper prosecution of law violators and correspondingly the trial judge has some authority to see that a prosecution is properly carried out; therefore, where a prosecutor has sought to dismiss a criminal action the trial judge must carefully weigh his approval, because separation of powers considerations are very important since a trial judge is a member of the independent judiciary and the prosecutor is an officer of the executive branch of government.

7. CRIMINAL LAW—MOTION TO DISMISS—JUSTIFICATION—JUDGE'S DISCRETION.

Denial of a criminal defendant's motion to dismiss is neither error nor an abuse of judicial discretion where an agreement to dismiss charges was not part of a plea bargain, there were apparently no mitigating factors involved in the offense, and no surrounding factual circumstances cited as justification for dismissal other than the fact that defendant had spent 2-1/2 years in jail and was now employed.

8. CRIMINAL LAW—DISMISSAL OF CHARGES—JUSTIFICATION—COURTS—PROSECUTORIAL DISCRETION—ABUSE OF DISCRETION.

The mere fact that the prosecution consents to the granting of a motion by the defendant to dismiss criminal charges is insufficient to justify an order of dismissal; there must be a showing which would indicate to the court that the prosecution is not abusing its office.

9. CRIMINAL LAW—MOTION TO DISMISS—JUSTIFICATION—JUDICIAL
   SCRUTINY.

Termination of prosecutions must not be taken lightly and judicial scrutiny is justified where the trial court has a duty to see, in deciding a motion to dismiss criminal charges, that proper procedure and justifications are shown.

10. APPEAL AND ERROR—MOTION TO DISMISS—JUDGE'S DISCRETION—
    STANDARD OF REVIEW.

The appropriate standard of review in deciding a defendant's motion to dismiss criminal charges should be whether the trial court abused its discretion in denying the motion.

DISSENT BY DANHOF, C. J.

11. CONSTITUTIONAL LAW—PROSECUTING ATTORNEYS—JUDICIARY—SEP
    ARATION OF POWERS—CONTROL OF PROSECUTIONS.

*A prosecuting attorney is an executive officer whose powers and discretion must be jealously separated from the courts and it would be an intrusion on the power of the executive branch of government, a violation of the constitutional separation of powers and sense of fair play, for the judiciary to claim power to control the institution and conduct of prosecutions.*

12. CRIMINAL LAW—CRIMINAL PROSECUTIONS—PROSECUTORIAL DISCRE
    TION—JUDICIAL APPROVAL—DISCONTINUANCE OF PROSECUTIONS
    —ABUSE OF DISCRETION.

*Inroads by the judiciary into a prosecutor's discretion have been recognized in order to prevent abuses; one such is the requirement that judicial approval be obtained before a prosecutor may formally discontinue a criminal prosecution.*

13. CRIMINAL LAW—LEGISLATURE—NOLLE PROSEQUI—PROSECUTORIAL
    DISCRETION—REPEATED DISMISSALS—ENDLESS VEXATIONS—STAT
    UTES.

*The Legislature, in enacting a statute which requires that judicial approval be obtained before a prosecutor may formally discontinue a prosecution, did not intend in any way to hamper the prosecutor's discretion to enter a nolle prosequi in a criminal case; rather, the statute was intended for the protection of the defendant by preventing repeated dismissals and subsequent reinstitution of the charges against him resulting in endless vexations in the prosecution of criminal cases (MCLA 767.29; MSA 28.969).*

14. CRIMINAL LAW—DISMISSAL OF CHARGES—PROSECUTORIAL DISCRE-
    TION—ABUSE OF DISCRETION—TRIAL JUDGE INTERCESSION.

> There is no abuse of prosecutorial discretion and no reason for a
> trial judge to intercede to prevent entry of a dismissal of
> criminal charges where, according to the record, a dismissal
> would result in no violation of fact or logic, and show no
> perversity of will, defiance of judgment, passion, bias or hint of
> improper motive by the prosecutor in urging dismissal and
> where it is shown that defendant's interests would not be
> jeopardized, the case is stale and the defendant, in any event,
> could not be further punished.

Appeal from Eaton, Willard L. Mikesell, J. Sub-
mitted June 3, 1976, at Grand Rapids. (Docket No.
27252.) Decided December 2, 1976.

Robert V. McCartney was charged with entry
without breaking with intent to commit a larceny
and larceny of property with a value in excess of
$100. He was twice tried on these charges and
found guilty by jury verdict on both occasions. The
Court of Appeals reversed both convictions, 46
Mich App 691; 208 NW2d 547 (1973), and 60 Mich
App 620; 231 NW2d 472 (1975). Prior to com-
mencement of his third trial, defendant filed a
motion for dismissal. Motion denied. Defendant
appeals. Affirmed.

*Frank J. Kelley* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Paul F. Berger,*
Prosecuting Attorney, and *Chester S. Sugierski,
Jr.,* Assistant Prosecuting Attorney, for the people.

*Richard R. Rashid,* for defendant.

Before: R. J. DANHOF, C. J., and D. E. HOLBROOK
and D. L. MUNRO,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

D. E. HOLBROOK, J. Robert Vincent McCartney was charged with entry without breaking with the intent to commit a larceny contrary to MCLA 750.111; MSA 28.306, and larceny of property with a value in excess of $100, MCLA 750.356; MSA 28.588. He was twice tried on the above charges and found guilty by a jury on both occasions. This Court, however, reversed both convictions, 46 Mich App 691; 208 NW2d 547 (1973), and 60 Mich App 620; 231 NW2d 472 (1975). Prior to commencement of the third trial, defendant filed a written motion for dismissal of the charges. The basis for this motion was that Mr. McCartney had been tried twice and convicted, but had had his convictions reversed on both occasions. In the meantime, Mr. McCartney had served his minimum sentence on the charges, was no longer incarcerated, and was gainfully employed and supporting his family. Defendant in his motion also stated that the prosecution had agreed to concur in the dismissal of the charges and that therefore *People v Matulonis,* 60 Mich App 143; 230 NW2d 347 (1975), controlled requiring dismissal. At a hearing on the motion, the prosecution did agree to concur in defendant's motion.[1] The trial court refused to grant the motion for dismissal.

This Court by order of August 3, 1976, treated defendant's application for leave to appeal as a

---

[1] The prosecution's support of defendant's motion was explained as follows:

"Your Honor, this particular case arose in 1971. There were two trials had in the case and the case was remanded back for the trial the third time. The people are basing their motion to dismiss on the fact that the case is almost five years old and the fact that the defendant in this matter has served his time in prison and that a retrial in this matter would merely place the conviction on his record and it would not receive any additional sentence on this particular case. In view of all these facts, the people believe that in *[sic]* the best interest of justice could be served by dismissing this case at this time."

complaint for superintending control and substituted the trial judge as party-defendant and ordered that the trial judge show cause why the relief sought in defendant-McCartney's complaint should not be granted.

Although the prosecutor in his argument at the motion hearing stated that it was the people's motion, the record clearly indicates that it was defendant's motion to dismiss and not the prosecution's entry of a nolle prosequi. Obviously, the defendant approached the prosecution and sought a dismissal. Defendant, upon receiving the prosecution's acquiescence, then made his written motion to dismiss.

Mr. McCartney's brief on appeal, as does the prosecution's brief, treats the motion as seeking nolle prosequi. Black's Law Dictionary (4th ed), p 1198, defines nolle prosequi as "a formal entry upon the record by * * * the prosecuting officer in a criminal action, * * * by which he declares that he 'will no further prosecute' ". In Michigan, normally nolle prosequi is a dismissal without prejudice which does not preclude initiation of a subsequent prosecution. *People v Reagan,* 395 Mich 306; 235 NW2d 581 (1975). However, a trial court approval has been described as the *"sine qua non"* of the decision to nolle prosequi. *People v Reagan, supra,* at 317; 235 NW2d at 587. See also MCLA 767.29; MSA 28.969.[2]

The nature of the trial court's role in approving or disapproving nolle prosequi has been set forth in *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 121; 215 NW2d 145, 147 (1974):

---

[2] "It shall not hereafter be lawful for any prosecuting attorney to enter a nolle prosequi upon any indictment, or in any other way to discontinue or abandon the same, without stating on the record the reasons therefor and without the leave of the court having jurisdiction to try the offense charged, entered in its minutes." MCLA 767.29; MSA 28.969.

"[I]n proposing to nolle prosequi, discontinue or abandon a prosecution, the circuit judge reviews the action of the magistrate and prosecuting attorney on the record—the record made before the magistrate at the preliminary examination, and the prosecutor's statement of reasons and 'the evidence filed in the case'. Such review is a judicial review, searching the record to determine whether the magistrate's or prosecutor's decision is in accord with the law, facts and reason of the matter.

"A circuit judge does not enjoy supervisory power over a prosecuting attorney. He may reverse a magistrate's decision only for abuse of discretion. He may not properly substitute his judgment for that of the * * * prosecuting attorney as if he were * * * acting in a supervisory capacity with respect to the prosecuting attorney. He may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them." (Footnotes omitted.)

See also *People v Reagan, supra.*

We cannot ignore that the Legislature has expressly required the prosecution to undergo certain formalities when seeking to discontinue prosecution. MCLA 767.29; MSA 28.969. Although this statute has been described as designed to protect the defendant and not as limiting the use of nolle prosequi, *People v Curtis,* 389 Mich 698; 209 NW2d 243 (1973), we feel the people are nevertheless entitled to the protection of this statute also. There are limits on the prosecution's right to seek nolle prosequi. *People v Curtis, supra, Genesee Prosecutor, supra.* We recognize that had the prosecution properly moved for entry of nolle prosequi there would have been a difficult question as to whether the trial court's refusal to grant such an order would have been justified.

In the cases cited, the reasons justifying grant of nolle prosequi often went to the sufficiency of the evidence. In *Curtis, supra,* the prosecutor sought to

nolle prosequi a higher charge because of insufficiency of the evidence. In *Reagan, supra,* the prosecution originally sought the order because of the results of a polygraph examination which indicated innocence. Normally, nolle prosequi is used in connection with plea bargaining. Where the prosecution properly seeks to nolle prosequi, the trial court's review of that order is limited to whether the prosecutor has abused the power confided to him.

In the instant case, defendant was initially charged in 1971. He was convicted in 1972, and later again convicted on retrial in 1973. The trial court in his response to the show cause order cites *People v Matulonis, supra,* as appropriate support for his position.

"Thus, the trial court, taking into consideration such factors as the offense with which the defendant was charged, the surrounding factual circumstances, the lesser included offense of the plea bargain, and the opinions of other interested parties, can refuse to accept a prosecutor's recommendation where it finds that the prosecuting attorney has abused his prosecutorial discretion." *Matulonis, supra,* at 149; 230 NW2d at 351.

Apparently the trial court felt that the only reason presented to the court as support for the motion to dismiss was the fact that defendant had served 2-1/2 years in prison. The court was particularly upset because of the great deal of judicial time and effort spent on this case and because juries had twice found the defendant guilty as charged, and he felt the reversals by this Court were due to mere "technicalities".

Certainly the people have some interest in the proper prosecution of law violators and correspondingly the trial judge has some authority to

see that prosecution is properly carried out. However, separation of powers considerations are very important, the trial judge is a member of the independent judiciary and the prosecutor is an officer of the executive branch of government. *People v Nelson,* 66 Mich App 60; 238 NW2d 201 (1975), *People v Curtis, supra, Genesee Prosecutor, supra.*

In the instant case, the agreement to dismiss was not part of a plea bargain. There were apparently no mitigating factors involved in the offense and no surrounding factual circumstances cited as justification for this dismissal other than the fact that defendant had spent 2-1/2 years in jail and was now employed. We agree with the trial judge that after such an extensive investment of judicial time and effort involving a felony charge, judicial scrutiny into grounds for dismissal was justified. The mere fact that the prosecution and the defendant have agreed to dismiss charges is insufficient to justify such an order. There must be such a showing which would indicate to the court that the prosecution is not abusing its office. *People v Matulonis, supra.*

We need not decide whether the fact that defendant had served enough time to equal his minimum sentence is alone sufficient to justify nolle prosequi.[3] Herein we feel the court was justified in denying *defendant's motion to dismiss,* which was vaguely concurred in by the prosecution. Therefore, under the circumstances involved in this case, we feel the trial court's actions were not in

---

[3] In a proper application for nolle prosequi some of the arguments made on appeal herein could justify entry of nolle prosequi. Particularly compelling are problems of proof and production of evidence for both sides in a case concerned with an act occurring some five years previous. Proper citation to such problems in a formal application by the prosecution for nolle prosequi may require trial court approval.

error. The trial court was particularly interested in seeing that justice was done and in achieving a determination as to "whether or not the defendant had served two and a half years in state prison as an innocent man or as a guilty man". We feel that the determination to dismiss in the instant case was a very serious decision involving the rights of Mr. McCartney and the people. The prosecution apparently took that decision lightly and failed to properly seek an order of nolle prosequi, nor even to adequately justify its concurrence in defendant's motion to dismiss. Judicial scrutiny was justified in the instant case. The termination of prosecution must not be taken lightly, particularly where there is statutory guidance. The trial court does have the duty to see that proper procedure, and justifications, are shown. The trial court in the instant case did not commit error by denying defendant's motion to dismiss.

The appropriate standard of review in the instant case should be whether the trial court abused its discretion in denying defendant's motion to dismiss. *People v Charles O Williams,* 386 Mich 565; 194 NW2d 337 (1972). The trial court herein acted properly within its discretion.

Affirmed.

D. L. MUNRO, J., concurred.

DANHOF, C. J. *(dissenting).* The prosecuting attorney is an executive officer whose powers and discretion we must "jealously separate" from the courts. *People v Dickerson,* 164 Mich 148; 129 NW 199 (1910).

"For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of

government and a violation of the constitutional separation of powers. Const 1963, art 3, § 2. It also violates our fundamental sense of fair play." *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 684; 194 NW2d 693 (1972).

Certain inroads into the prosecutor's discretion have, however, been recognized in order to prevent abuses of his discretion. *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, *supra,* majority opinion. One such is the requirement that judicial approval be obtained before the prosecutor may formally discontinue a prosecution, found in MCLA 767.29; MSA 28.969. In enacting this provision, it was not the intention of the Legislature to in any way hamper the prosecutor's discretion to enter nolle prosequi in a case. Rather, the statute is intended for the protection of the defendant by preventing repeated dismissals and subsequent reinstitution of the charges against him resulting in "endless vexations in the prosecution of criminal cases." *People v Curtis,* 389 Mich 698; 209 NW2d 243 (1973).

In the record there is no hint of improper motive on the part of the prosecuting attorney. The defendant himself has vigorously urged both this Court and the trial court to allow the dismissal. There is nothing which would permit the conclusion that his interests are in jeopardy should the motion be allowed.

The language of the second *Genesee Prosecutor* case quoted on page 585 of the majority opinion establishes that the trial court may intercede to prevent entry of a dismissal only in instances where an abuse of the prosecutor's discretion can be found. Abuse of discretion is defined as follows:

"(R)esult * * * so palpably and grossly violative of

fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Spalding v Spalding,* 355 Mich 382, 384–385; 94 NW2d 810 (1959). *People v Charles O Williams,* 386 Mich 565, 572; 194 NW2d 337 (1972).

The prosecutor's motion was prompted by the staleness of his case and the fact that the defendant could not, in any case, be further punished. Applying the test of *Charles O Williams, supra,* to these considerations I can find no abuse of discretion.

I would reverse.