# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ROY WOODROW DELARYE, JR.,

      Defendant-Appellant.

UNPUBLISHED
October 13, 2016

No. 327775
Marquette Circuit Court
LC No. 14-052869-FC

Before: MARKEY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant pleaded guilty to second-degree criminal sexual conduct, MCL 750.520c(1)(a) (victim under 13 years of age), for which he was sentenced to 71 months to 15 years' imprisonment, along with third-degree criminal sexual conduct, MCL 750.520d(1)(a) (victim 13 to 15 years of age), for which he was sentenced to 10 to 15 years' imprisonment. Defendant appeals by leave granted, solely raising sentencing issues. We affirm defendant's plea-based convictions as they are unchallenged, but vacate defendant's sentences and remand for resentencing.

Defendant first argues that prior record variable (PRV) 5, MCL 777.55, was improperly assessed at 15 points for five prior misdemeanor convictions, MCL 777.55(1)(b), when he only had four prior misdemeanor convictions, allowing for an assessment of not more than 10 points for PRV 5, MCL 777.55(1)(c), which lowers the guidelines minimum sentence range. Defendant contends that a 1998 charged misdemeanor of second-degree retail fraud to which he pleaded guilty was later dismissed pursuant to a *nolle prosequi* entered under the delayed-sentencing statute, MCL 771.1, and thus cannot be considered for purposes of PRV 5. Defendant accurately maintains that alteration of the guidelines range generally necessitates resentencing. *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006).

In *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), our Supreme Court recited the standards of review governing sentencing, observing:

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a

-1-

question of statutory interpretation, which an appellate court reviews de novo. [Citations omitted.]

PRV 5 concerns "prior misdemeanor convictions or prior misdemeanor juvenile adjudications," MCL 777.55(1), and the instant dispute regards a misdemeanor charged against defendant when he was an adult. The full extent of the available information with respect to the misdemeanor comes from the presentence investigation report (PSIR). The PSIR indicates that defendant was arrested for second-degree retail fraud on February 22, 1998, that he pleaded guilty to the offense on an unknown date, that he was given a six-month delayed sentence under MCL 771.1 on February 27, 1998, and that a *nolle prosequi* was entered on August 27, 1998, with the "case [being] dismissed." There is nothing in the record to enlighten us regarding the specific circumstances of the plea, e.g., whether it was conditional and induced by a promise of dismissal if defendant behaved appropriately for the six-month period.

PRV 5 defines a "prior misdemeanor conviction" as "a conviction for a misdemeanor under a law of this state, a political subdivision of this state, another state, a political subdivision of another state, or the United States if the conviction was entered before the sentencing offense was committed." MCL 777.55(3)(a). And the definitional section for the PRVs in general provides that a "conviction" includes "[a]ssignment to youthful trainee status" under MCL 762.11 to MCL 762.15, as well as "[a] conviction set aside under . . . MCL 780.621 to 780.624" (expungement statutes). MCL 777.50(4)(a)(*i*) and (*ii*). "The Michigan Sentencing Guidelines Manual . . . defines 'conviction' as 'an adjudication of guilt in a criminal matter.' " *People v James*, 267 Mich App 675, 679; 705 NW2d 724 (2005).

We hold that there is simply no prior misdemeanor conviction to score with respect to the 1998 retail fraud charge and PRV 5. MCL 771.1 provides, in pertinent part, as follows:

> (1) In all prosecutions for felonies, misdemeanors, or ordinance violations other than murder, treason, criminal sexual conduct in the first or third degree, armed robbery, or major controlled substance offenses, if the defendant has been found guilty upon verdict or plea and the court determines that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer.

> (2) In an action in which the court may place the defendant on probation, the court may delay sentencing the defendant for not more than 1 year to give the defendant an opportunity to prove to the court his or her eligibility for probation *or other leniency* compatible with the ends of justice and the defendant's rehabilitation, such as participation in a drug treatment court under chapter 10A of the revised judicature act of 1961, 1961 PA 236, MCL 600.1060 to 600.1082. When sentencing is delayed, the court shall enter an order stating the reason for the delay upon the court's records. The delay in passing sentence does not deprive the court of jurisdiction to sentence the defendant at any time during the period of delay. [Emphasis added.]

-2-

With respect to the 1998 retail fraud charge and defendant's plea to the charge, defendant evidently comported his behavior to that required by the sentencing court during the six-month delayed sentencing period, resulting in entry of a *nolle prosequi*. "A prosecuting attorney shall not enter a nolle prosequi upon an indictment, or discontinue or abandon the indictment, without stating on the record the reasons for the discontinuance or abandonment and without the leave of the court having jurisdiction to try the offense charged, entered in its minutes." MCL 767.29. Accordingly, we must assume, reasonably so, that the sentencing court signed off on the *nolle prosequi*. "In Michigan, a trial court approval is the *sine qua non* of the decision to nolle prosequi." *People v Reagan*, 395 Mich 306, 317; 235 NW2d 581 (1975). And "[n]ormally a nolle prosequi is a dismissal without prejudice[.]" *Id. Nolle prosequi* is a formal entry on the record by a prosecutor in a criminal action that he or she will no longer prosecute the charge(s). *People v McCartney*, 72 Mich App 580, 585; 250 NW2d 135 (1976).

Regardless of the plea to second-degree retail fraud and its true dimensions, there ultimately and effectively was no "conviction for a misdemeanor under a law of this state[.]" MCL 777.55(3)(a). And the circumstances surrounding the retail fraud charge, the plea, and the *nolle prosequi* did not entail expungement of a conviction or youthful trainee status. See MCL 777.50(4)(a)(*i*) and (*ii*). Therefore, the trial court erred in assessing 15 points for PRV 5, as defendant only had four prior misdemeanor convictions. The proper score for PRV 5 is 10 points, MCL 777.55(1)(c), and because the error alters the guidelines range, resentencing is necessary, *Francisco*, 474 Mich at 89.

In supplemental authority, but not a supplemental brief, defendant raises an argument under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), claiming that the trial court engaged in unconstitutional judicial fact-finding at sentencing with respect to the offense variables. This issue was not presented in defendant's application for leave to appeal, nor in his appellate brief. Regardless, because we are remanding the case for resentencing in regard to the PRV scoring error, defendant will be afforded the full protection of *Lockridge* on remand. See *People v Biddles*, __ Mich App __, __; __ NW2d __ (2016); slip op at 5.

Next, defendant argues that the trial court failed to consider a variety of mitigating factors when sentencing defendant. As to the court's alleged failure to consider mitigating factors and the actual existence of some of the claimed mitigating factors, such as an asserted "long and extensive substance abuse history and . . . a serious mental health history," the record simply does not support these arguments. We note that appellate counsel has made nearly identical assertions in a great number of the appeals that he has filed in this Court, effectively utilizing boilerplate language regardless of the actual facts of a given case relative to sentencing. Defendant's argument is rejected, and again, there will be resentencing, where he can voice any grievances about mitigating factors.

Finally, defendant argues that the trial court erred in sentencing him on the basis of inaccurate information in the PSIR, given that a statement made by the investigating agent in the PSIR was not supported by the record, and that trial counsel was ineffective in failing to raise the issue at sentencing. Given that we are remanding the case for resentencing, defendant can raise this issue, if he wishes, during resentencing, thereby allowing the trial court to rule on the matter in the first instance.

Affirmed with respect to defendant's convictions, vacated in regard to defendant's sentences, and remanded for purposes of resentencing. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Amy Ronayne Krause