*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 27, 2021

Plaintiff-Appellee,

v

No. 352414
Genesee Circuit Court
LC No. 18-043474-FC

MARK ANDREW SEKELSKY,

Defendant-Appellant.

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

No. 352415
Genesee Circuit Court
LC No. 18-043472-FC

MIKADYN MAULAY PAYNE,

Defendant-Appellant.

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

No. 352416
Genesee Circuit Court
LC No. 18-043465-FC

TREVOR ANTHONY GRAY,

Defendant-Appellee.

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

-1-

v                                                    No. 352417
                                                     Genesee Circuit Court
TREVOR ANTHONY GRAY,                                 LC No. 18-043465-FC

        Defendant-Appellant.

_____

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v                                                    No. 352475
                                                     Genesee Circuit Court
ALEXZANDER MILLER,                                   LC No. 18-043471-FC

        Defendant-Appellee.

_____

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v                                                    No. 352476
                                                     Genesee Circuit Court
MIKADYN MAULAY PAYNE,                                LC No. 18-043472-FC

        Defendant-Appellee.

_____

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v                                                    No. 352477
                                                     Genesee Circuit Court
MARK ANDREW SEKELSKY,                                LC No. 18-043474-FC

        Defendant-Appellee.

_____

Before: STEPHENS, P.J., and SAWYER and BECKERING, JJ.

STEPHENS, P.J. (*dissenting*).

-2-

Given the procedural posture of this case and the timing of the prosecutor's request for *nolle prosequi*, I cannot agree with the majority's conclusion that the prosecutor did not act in an ultra vires manner.

## I. BACKGROUND

At an August 20, 2019 hearing, the court told defendants that they had three options: (1) affirm the plea and be sentenced as an adult that day, (2) withdraw the plea and have the matter set for trial, or (3) make a new *Cobbs* proposal in writing. Counsel for defendant Payne argued that the court was violating the separation of powers where MCR 6.301(D) clearly "state[d] that the prosecution is the one that determines whether or not there will be a plea other than to the charged offense and what that charge may be." Each defendant moved to withdraw his plea, which the court permitted.[1] The order stated that "[p]ursuant to MCR 6.312,[2] the Court will allow the People to seek to reinstate any charges reduced or dismissed in accordance with the plea agreement, in the People's discretion."

At the next hearing on September 24, 2019, the prosecution declined to revise or reinstate any charges. The parties instead moved to remand the matter to the district court for a preliminary examination on the manslaughter charge. The circuit court said that it did not have authority to remand the matter to district court because each defendant had validly waived his preliminary examination. The prosecution then orally moved to dismiss the matter without prejudice so that charges could be refiled in juvenile court. The court did not wish to decide the matter until a written motion was filed and additional research was conducted. The court added that the prosecution may wish to reduce the charges to acquire a different set of sentencing guidelines that would not call for a prison sentence. The prosecution later filed a written motion of *nolle prosequi* in each case, moving to dismiss the criminal cases against defendants as juvenile delinquents in order to refile and proceed under the jurisdiction of the family division. Defendants each agreed with the prosecutor that resolving this matter through a prosecution in the juvenile court was in their best interests.

The court issued a written opinion in which it addressed the request to remand, the motion for *nolle prosequi*, and its earlier decision to sentence the defendants as adults. The court noted that the prosecution did not move to dismiss until the rejection of juvenile sentencing, which was "[a] clear case of avoidance of the Court's <u>sentencing</u> decision."

---

[1] MCR 6.310(B)(2) provides that a defendant is entitled to withdraw a plea if "the plea involves a statement by the court that it will sentence to a specified term or within a specified range, and the court states that it is unable to sentence as stated; the trial court shall provide the defendant the opportunity to affirm or withdraw the plea, but shall not state the sentence it intends to impose." MCR 6.310(B)(2) pertains to an agreement between the defendant and the trial court and is known as a "*Cobbs*" agreement.

[2] MCR 6.312 states, "If a plea is withdrawn by the defendant or vacated by the trial court or an appellate court, the case may proceed to trial on any charges that had been brought or that could have been brought against the defendant if the plea had not been entered."

The court's refusal to grant the prosecutor's *nolle prosequi* forms the basis for these consolidated appeals.

## II. SEPARATION OF POWERS

I begin my dissent with the points of agreement with the majority, the concurrence, the parties, and the amici. Those key points of agreement are: 1) The pre-trial negotiations between the parties were extensive and followed the prosecution's initial decision to automatically waive the juveniles to adult court; 2) The court repeatedly declined to agree to juvenile sentencing without a juvenile sentencing hearing; 3) The court conducted that hearing and orally ruled with extensive fact finding that it would not sentence the juveniles as juveniles; 4) The court's ruling under MCR 6.931(3) and MCL 769.1(4) was subject to appeal under an abuse of discretion standard but no such appeal was filed nor was the ruling a subject of asserted error in this appeal; and 5) The sole purpose of the prosecution's *nolle prosequi* motion was to refile the cases in the family division where adult sentencing was not an option.

The majority and the concurrence assert that the prosecution's motive for the stipulated motion to dismiss was not ultra vires. Under most circumstances, I would concur. However in this case where the motion followed an unchallenged ruling by the trial court, I must disagree. In accord with MCR 6.931, a juvenile sentencing hearing was held over several days between February 2019 and May 2019.[3] The court heard testimony from 13 witnesses concerning whether the juveniles should be sentenced as juveniles or adults, including from the officer in charge, adult probation officers, psychologists, juvenile justice workers, the juveniles' families, and the victim's family. The media reported on the matter extensively.[4] On July 23, 2019, the court gave its ruling on the record. The court considered the seriousness of the offense, the juveniles' culpability, prior delinquency records, the juveniles' programming history, adequacy of punishment, and dispositional options.[5] The court rejected the parties' proposal for juvenile sentencing. The court gave the defendants until August 20, 2019, to withdraw their pleas or make additional *Cobbs* proposals. There was no challenge to the court's exercise of discretion in declining juvenile sentencing.

---

[3] Hearings were held on February 21, 2019, March 6, 2019, April 18, 2019, May 1, 2019, May 31, 2019, and June 19, 2019. The transcript of the February 21, 2019 hearing has not been provided. The register of actions reflects that a hearing was noticed for March 6, 2019, but does not reflect the hearing on that date.

[4] As three examples, see <https://www.cbsnews.com/news/michigan-judge-rejects-juvenile-sentencing-for-teens-in-highway-rock-toss-death/>; <https://abcnews.go.com/US/teens-deadly-michigan-highway-rock-throwing-case-sentenced/story?id=64516770>; <https://www.fox2detroit.com/news/juvenile-rejection-judge-will-sentence-4-teens-in-i-75-rock-throwing-death-as-adults> (accessed July 30, 2020).

[5] The court was required to consider each of these factors in determining whether to sentence a juvenile as a juvenile or an adult offender. MCL 769.1(3).

I am keenly aware that the rejection of a motion to *nolle prosequi* has been rarely upheld.

The court's statutory power to veto the prosecutor's decision to discontinue a criminal proceeding was not meant to significantly impair the common-law rule that only the prosecutor could exercise the power to enter a nolle prosequi. Rather, the statute was enacted primarily to protect defendants by not allowing prosecutors to exercise this power unless the reasons therefor were stated on the record and leave of the court was obtained and recorded. While the statute, by requiring the trial court's permission, does effect some infringement on the prosecutor's exclusive common-law power, the initial decision as to whether or not to enter a nolle prosequi nevertheless remains an executive function and a part of the duties of the prosecutor. [*People v Heiler*, 79 Mich App 714, 718-719; 262 NW2d 890 (1977) quoting *People v Nelson*, 66 Mich App 60, 64; 238 NW2d 201 (1975).] [6]

I cite *Grove*[7] not because I misperceive it as discussing a *nolle prosequi* motion, but because it offers insight into the purpose and scope of MCL 767.29. There, the Court wrote:

this statute reflects a legislative understanding of the trial judge's role in ensuring that the public's interest in bringing criminals to justice is not defeated by unconstitutional, illegal, or ultra vires acts by the prosecutor. The authority to impose sentence [sic] is vested exclusively in the trial courts. Were the prosecutor and defendant able to compel the trial judge to accept an underlying plea in the presence of a sentence recommendation, no matter how severe the departure from the original charge and its sentencing framework, the interests served by the nolle prosequi statute would be defeated. Moreover, like the nolle prosequi statute, the trial judge's authority to decide whether to accept or reject a plea, while reviewable for an abuse of discretion, encourages the prosecutor to carefully consider the relevant facts when initially exercising prosecutorial charging discretion. [*People v Grove*, 455 Mich 439, 459; 566 NW2d 547 (1997)].

Both *Grove* and *People v McCartney*, 72 Mich App 580, 585; 250 NW2d 135 (1976), emphasize the judge's role in protecting the public's interst in reviewing a *nolle prosequi* motion. As in this case, the parties in *McCartney* concurred with the motion and the trial court's declination was upheld. "The trial court was particularly interested in seeing that justice was done and in achieving a determination as to 'whether or not the defendant had served two and a half years in

---

[6] MCL 767.29 was intended for the protection of the defendant by preventing repeated dismissals and subsequent reinstitution of the charges against him resulting in "endless vexations" in the prosecution of criminal cases. *People v Curtis*, 389 Mich 698, 705; 209 NW2d 243 (1973). See also *Rinaldi v United States*, 434 US 22, 29 n 15; 98 S Ct 81; 54 L Ed 2d 207 (1977) ("The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e. g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection.").

[7] *People v Grove*, 455 Mich 439, 460; 566 NW2d 547 (1997), superseded by statute on other grounds as stated in *People v Franklin*; 491 Mich 916; 813 NW2d 285 (2012).

state prison as an innocent man or as a guilty man'." *Id*. at 589 (citation omitted). I acknowledge that the prosecution's independent basis for the motion was not articulated in *McCartney*, unlike in this case. I do not in any way believe that anyone, not the parties nor the trial court, took this case lightly as the opinion asserted was done in *McCartney*. Rather, *Grove* and *McCartney* are cited to underscore that the trial court is not required to automatically grant such a motion .

It is important to focus on when the prosecution asked for dismissal in the instant case. The trial court twice rejected proposed pleas that included sentencing agreements. No motion was filed after those rejections. Only after the court held a multi-day hearing, made findings of fact, and reached a conclusion of law under MCL 769.1 and MCR 6.931 was the motion made. A party aggrieved by a judicial decision has the right to appeal that decision. In *People v Hazzard*, 206 Mich App 658; 522 NW2d 910 (1994), such an appeal was successfully prosecuted as it has been in numerous unpublished cases. While the briefs in this case from the prosecutor and the defense disagree with the trial court's decision to decline juvenile status, they did not argue that the judge's fact finding was erroneous. They did not assert an abuse of discretion. Instead, they attempted to circumvent direct appeal of that decision by filing the *nolle prosequi* motion to refile the case as a juvenile petition where adult punishment was not possible. The court afforded the defendants their right to withdraw their pleas. This is, as was noted in *People v Malotunis*, 60 Mich App 143; 230 NW2d 347 (1975), one of those "situations in which the public interest and the proper administration of justice justify such a decision." *Id*. at 148-149. I understand that the only temporal constraint on the prosecutor's request to abandon prosecution under a *nolle prosequi* recognized by law is "upon an indictment". MCL 767.29; *Genesee Co Prosecutor v Genesee Circuit Judge*, 391 Mich 115, 120 n 10; 215 NW2d 145 (1974). However, the timing in this case supports the trial court's determination that the purpose of the motion was to circumvent, rather than appeal a court ruling. It is that attempt that is ultra vires. I would affirm.

/s/ Cynthia Diane Stephens