PEOPLE v MORRIS

1. CRIMINAL LAW—DISMISSAL—CONSTITUTIONAL LAW—CONSTITU-
TIONAL GUARANTEES.

Dismissal of a criminal case over prosecutorial objection is nor-
mally available as a remedy only when permitted by statute or
when there is insufficient evidence; however, in certain situa-
tions constitutional guarantees may require dismissal.

2. CRIMINAL LAW—DISMISSAL—GOVERNMENT MISCONDUCT—FAIR
TRIAL—CONSTITUTIONAL LAW—DUE PROCESS.

A dismissal of a prosecution on the ground of government miscon-
duct is justified only in situations where, due to government
action, the defendant cannot receive a fair trial and therefore
is deprived of due process of law.

3. CRIMINAL LAW—DISMISSAL—CONSTITUTIONAL LAW—POLICE MISCON-
DUCT—RETRIAL—FAIR TRIAL—DUE PROCESS.

A criminal prosecution was properly dismissed where the defend-
ant already had been tried twice, where manifest improprieties
and a pattern of police misconduct could not be sorted out and
corrected so as to furnish the defendant a fair trial, and where
under these circumstances a retrial would be fundamentally
unfair and would thereby deprive the defendant of his right to
due process of law.

Appeal from Eaton, Richard Robinson, Donald
L. Reisig, and Raymond Fox, JJ. Submitted June
7, 1977, at Lansing. (Docket No. 29193.) Decided
August 22, 1977. Leave to appeal applied for.

Richard H. Morris was convicted of first-degree
murder. Defendant appealed. Reversed and re-
manded. Defendant's second trial ended in a mis-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 512 et seq.
[2] 21 Am Jur 2d, Criminal Law § 220 et seq.
[3] 21 Am Jur 2d, Criminal Law § 256.

trial. Defendant moved for dismissal. Dismissal was granted by a three-judge panel. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *Chester S. Sugierski, Jr.,* Assistant Prosecuting Attorney, for the people.

*I. Goodman Cohen (Charles E. Kovsky,* of counsel), for defendant.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

DANHOF, C. J. Plaintiff appeals as of right from dismissal of the prosecution against defendant ordered by a three-judge circuit court panel on May 20, 1976.

Defendant was originally convicted of first-degree murder on April 12, 1972. That conviction was reversed by this Court in an unpublished opinion, No. 14273, issued on December 4, 1974, due to insufficient evidence of first-degree murder and the improper exclusion of evidence offered by defendant. That opinion also admonished the trial court to exclude all testimony relating to polygraph examinations in any new trial. Defendant's second trial ended in a mistrial resulting from the reference by a prosecution witness to a polygraph examination. Defendant's subsequent motion for dismissal was heard on May 6, 1976 by a three-judge panel pursuant to former GCR 1963, 925.3. In its opinion of May 13, 1976 the three-judge panel relied on two grounds in dismissing the prosecution.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The first ground relied upon was based in the misconduct of the chief investigating police officer. This conduct was found to be a pattern of inexcusable neglect or deliberate deception involving crucial evidence, the conduct of the investigation, and testimony given at both trials. The opinion found that the prosecution had been permeated by this conduct to the point that it had become impossible for the defendant to receive a fair trial. Dismissal was therefore required by "due process, fundamental fairness and justice". The record supports the finding of misconduct.

Dismissal over prosecutorial objection is normally available as a remedy only when permitted by a statute or when there is an insufficiency of evidence. *People v Stewart,* 52 Mich App 477; 217 NW2d 894 (1974). *People v Johnson,* 397 Mich 686; 246 NW2d 836 (1976). In certain other situations, however, constitutional guarantees will require dismissal, as in *People v Marshall,* 41 Mich App 66; 199 NW2d 521 (1972), where the defendant was discharged on due process grounds. The circumstances of this case are highly unusual. We are not faced with prosecutorial misconduct, but rather with police misconduct so egregious and tenancious that even the good faith efforts of the prosecutor's office were unable to control it or prevent its intrusion into both trials. In *United States v Serlin,* 538 F2d 737, 749 (CA 7, 1976), the Court stated: "A dismissal on the ground of government misconduct is justified only in situations where, due to government action, the defendant cannot receive a fair trial and therefore is deprived of due process of law." In *United States v Pollock,* 417 F Supp 1332, 1349 (D Mass, 1976), the Court found that government misconduct had deprived the defendant of a fair trial. That misconduct involved a bad faith attempt to "tamper with evidence mate-

rial to a defendant's guilt or innocence". A dismissal of the prosecution was ordered because all other alternative remedies were considered by the Court to be inadequate and therefore a trial would be fundamentally unfair and the denial of due process. Clearly such a remedy is rarely justified.

In *People v Hamilton,* 359 Mich 410; 102 NW2d 738 (1960), the Court reversed a conviction on the ground that government misconduct had denied the defendant due process of law. The remedy in *Hamilton* was a new trial. We believe a new trial would not be proper in the present case. At this late date the manifest improprieties and the pattern of misconduct present in the instant proceedings could not be sorted out and corrected so as to furnish the defendant a fair trial. The pattern of misconduct present here has irretrievably tainted this prosecution. A retrial would deprive the defendant of his right to due process of law since it would be fundamentally unfair in these circumstances. Therefore, dismissal was proper.

Since the three-judge panel properly dismissed this prosecution on the due process ground we need not discuss the second ground they relied upon.

Affirmed.