PEOPLE v TAIT

Docket No. 40564. Submitted April 2, 1980, at Grand Rapids.—Decided July 23, 1980.

William R. Tait was charged with assault with intent to commit murder. At the preliminary examination, a police officer testified that defendant approached him, raised a pistol and twice threatened to blow his head off, that he repeatedly ordered defendant to stop, that he did not see defendant fire or attempt to fire and that, when defendant continued to approach, he shot the defendant. The examining magistrate bound the defendant over to the Mason Circuit Court for trial on the lesser charge of felonious assault. The prosecutor filed an appeal with the circuit court and an application for an order of superintending control. The Mason Circuit Court, Richard I. Cooper, J., ruled that the issue is properly raised by appeal, found that the examining magistrate abused his discretion and reinstated the charge of assault with intent to commit murder. At trial, the police officer testified that, just before he shot at defendant, he saw the defendant move his hand to the top of the gun. Defense counsel impeached the officer's testimony by use of the preliminary examination transcript and a written statement of the officer made a few days after the incident. At the end of the first day's testimony, defense counsel moved for a mistrial, stating that after the officer had testified he learned that the officer's recollection had been refreshed through hypnosis. The officer, upon being recalled, testified that no one had told him what to say at the hypnotic session and that his testimony was from his own recollections. The trial judge denied the motion,

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 449.
29 Am Jur 2d, Evidence §§ 123-132.
[2] 40 Am Jur 2d, Homicide § 569 et seq.
[3] 21 Am Jur 2d, Criminal Law § 443.
[4, 5] 5 Am Jur 2d, Appeal and Review §§ 772-775.
[6] 29 Am Jur 2d, Evidence § 831.
Physiological or psychological truth and deception tests. 23 ALR2d 1306.
Admissibility of hypnotic evidence at criminal trial. 92 ALR3d 442.

and refused to allow the jury to be informed that the witness's recollection had been refreshed through hypnosis. The record did not reveal the identity of the hypnotist or the circumstances of the hypnosis. Defendant was convicted of assault with intent to commit murder and appeals. At oral argument, the Court of Appeals was informed that the prosecutor, an amateur hypnotist, conducted the hypnosis of the officer and that the session was on tape. *Held:*

1. An examining magistrate should not refuse to bind a defendant over for trial when the evidence adduced raises a reasonable doubt as to the defendant's guilt. That question is properly one for the jury. The magistrate abused his discretion in refusing to bind the defendant over on the charge of assault with intent to murder, and the circuit court correctly ruled that the issue is properly raised by appeal rather than by application for superintending control.

2. The prosecutor's misconduct has damaged the officer's testimony to the extent that none of it may be used upon retrial.

Reversed and remanded with instructions.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — BURDEN OF PROOF.
   The prosecutor at a preliminary examination must produce evidence to establish each element of the charged offense or evidence from which those elements may be inferred.

2. ASSAULT AND BATTERY — ELEMENTS OF ASSAULT WITH INTENT TO COMMIT MURDER.
   The two elements of assault with intent to commit murder are 1) that the defendant assaulted the complainant, and 2) that at the time of the assault the defendant intended to murder the complainant.

3. CRIMINAL LAW — PRELIMINARY EXAMINATION — EXAMINING MAGISTRATE.
   The examining magistrate at a preliminary examination must conclude that a felony has been committed and that probable cause exists to find the defendant committed it in order to bind the defendant over for trial; the magistrate should not refuse to bind over where the evidence raises a reasonable doubt as to a defendant's guilt, that question properly being one for the jury to determine.

4. APPEAL — PRELIMINARY EXAMINATION — ABUSE OF DISCRETION.
   The issue of whether an examining magistrate abused his discretion in refusing to bind over a defendant on a charge is

properly raised by appeal rather than by an application for superintending control.

5. ASSAULT AND BATTERY — PRELIMINARY EXAMINATION — ASSAULT WITH INTENT TO COMMIT MURDER — SUFFICIENCY OF EVIDENCE.

There was evidence at a preliminary examination to support the binding over of a defendant on the charge of assault with intent to commit murder where a police officer testified that defendant approached him, raised a pistol and twice threatened to blow his head off, that he repeatedly ordered defendant to stop, that he did not see defendant fire or attempt to fire and that, when defendant continued to approach, he shot the defendant; a magistrate's binding over on the charge of felonious assault was a clear abuse of discretion.

6. EVIDENCE — HYPNOTIC MIND-JOGGING — LIE DETECTORS — VOICEWRITER EVIDENCE.

The same requirements as those for the admissibility of lie detector or voicewriter evidence or evidence influenced by them are applicable to evidence influenced by the effects of hypnosis.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Martin M. Holmes,* Prosecuting Attorney (by *Mary C. Smith,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Thomas A. Carlson,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and E. E. BORRADAILE,* JJ.

E. E. BORRADAILE, J. This case arises from an incident in Mason County, Michigan, where a deputy sheriff, dispatched to the scene of an automobile accident, claims that defendant approached him, raised a gun, pointed it at the deputy and stated he was going to blow the deputy's head off.

Defendant was charged with the crime of assault with intent to commit murder,[1] bound over by the

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCL 750.83; MSA 28.278.

examining magistrate on the lesser offense of felonious assault[2] and convicted by a jury on the original charge after the trial judge concluded the magistrate had clearly abused his discretion by reducing the charge. This Court denied the pretrial application for leave to appeal filed by defendant in 1978, and he now appeals of right.

Only two questions require our attention: (1) did the trial court err in reversing the magistrate's finding, and (2) was hypnotically refreshed testimony properly admitted in the case.

I

At a preliminary examination, the prosecution must produce evidence to establish each element of the offense or evidence from which those elements may be inferred. *People v Doss,* 406 Mich 90, 101; 276 NW2d 9 (1979), *People v Oster,* 67 Mich App 490, 495; 241 NW2d 260 (1976). The two elements of assault with intent to commit murder are (1) that the defendant assaulted the complainant, and (2) that at the time of the assault the defendant intended to murder the complainant.[3]

The examining magistrate must conclude at the preliminary examination that a felony has been committed and probable cause exists to find the defendant committed it in order to bind the defendant over for trial.[4]

---

[2] MCL 750.82; MSA 28.277.

[3] See proposed Michigan Criminal Jury Instructions (CJI) 17:6:01.

[4] MCL 766.13; MSA 28.931 provides:

"If it shall appear to the magistrate at the conclusion of the preliminary examination either that an offense has not been committed or that there is not probable cause for charging the defendant therewith, he shall discharge such defendant. If it shall appear to the magistrate at the conclusion of the preliminary examination that a felony has been committed and there is probable cause for charging the defendant therewith, the magistrate shall forthwith bind the defendant to appear before the circuit court of such county, or other court having jurisdiction of the cause, for trial."

At the preliminary examination in this case, deputy sheriff Kirk Myers testified that defendant approached him, raised a pistol and twice threatened to blow his head off. Myers said that three times he ordered defendant to stop. He did not see defendant fire the gun or attempt to do so. When defendant continued to walk nearer, Myers shot him.

The magistrate concluded there was insufficient evidence produced to bind over on the assault with intent to murder charge and instead bound defendant over on a charge of felonious assault. The prosecution then filed an appeal with the circuit court and also sought an order of superintending control. The circuit judge correctly ruled that abuse of discretion is properly raised by appeal and not by application for an order of superintending control. *People v McCoy,* 75 Mich App 164; 254 NW2d 829 (1977). The circuit judge found a clear abuse of discretion, holding that the threat to "blow your head off" was sufficient to indicate intent to kill, which is enough to distinguish assault with intent to murder as opposed to felonious assault.

The judge ruled that the magistrate relied solely on conjecture in presuming that defendant did not intend to kill the deputy when he had the opportunity to shoot but did not. The court said the question of intent under the circumstances should properly be left to the jury.

The question of whether a defendant should be bound over is a matter to be determined by the examining magistrate, *People v Dellabonda,* 265 Mich 486, 491; 251 NW 594 (1933), and a reviewing court should only substitute its judgment in a case of clear abuse of discretion, *People v Doss, supra, People v Flint Municipal Judge,* 41 Mich

App 766, 770; 201 NW2d 111 (1972). The magistrate should not, however, refuse to bind over when the evidence raises a reasonable doubt as to a defendant's guilt, that question properly being one for the jury to determine. *People v Doss, supra, Wayne County Prosecutor v Recorder's Court Judge,* 92 Mich App 119, 123; 284 NW2d 507 (1979). Where credible evidence is presented to both support and negate a necessary element, the question of fact should be left for the jury to decide. *Wayne County Prosecutor v Recorder's Court Judge, supra.*

In an earlier case, where a defendant was intoxicated and his intent to kill was at issue, the Supreme Court in *People v Medley,* 339 Mich 486; 64 NW2d 708 (1954), found intent established where a shooting victim testified that the defendant could see him when the shot was fired, and the victim called out to the defendant.

The circuit court properly found a clear abuse of discretion in this case.

II

The problem of hypnotically refreshed testimony raises a more difficult question.

The deputy testified at the preliminary examination that he had been too far from defendant to see if defendant pulled the trigger of his gun. At trial, however, he testified that, just before he fired at defendant, he saw defendant move his hand to the top of the gun.

Defense counsel impeached the deputy's testimony both from a written statement made a few days after the incident and with the preliminary examination transcript, where the officer had not

mentioned observing defendant's hand move to the top of the gun.

At the conclusion of the first day's testimony counsel for defendant moved for a mistrial, stating he had not learned of the hypnotic refreshing of the deputy sheriff's memory until after his testimony, and the deputy, on being recalled, said no one told him what to say at the hypnotic session and that his trial testimony was from his own recollection of the incident.

The trial record fails to disclose who the hypnotist was, although at oral argument this Court was informed that the prosecuting attorney is an amateur hypnotist and conducted the session with the deputy, allegedly taping the entire session.

The trial judge took the motion under advisement but denied the motion the next day. The jury was never informed that the witness's memory had been refreshed through hypnosis, although defense counsel sought to examine the witness in the presence of the jury. The trial court ordered both counsel not to refer to hypnosis in the jury's presence and refused to give defendant's requested instructions on the unreliability of hypnosis and the capability of a witness to fantasize while under hypnosis.

The only case in Michigan which seems to have dealt with the admissibility of evidence obtained while under hypnosis is *People v Hangsleben,* 86 Mich App 718; 273 NW2d 539 (1978). In that case the defendant sought to introduce a psychiatrist's testimony where hypnosis had been used on defendant. Defendant wanted to utilize the statements obtained while under hypnosis to establish the truth of the statements he made while in a hypnotic trance and also to bolster credibility of his story at trial by claiming the hypnosis had a mind-

jogging effect to explain his earlier inconsistent admissions to the police. It was held that evidence of a subject's responses under hypnosis was inadmissible for either purpose. *Hangsleben, supra,* 728.

Although hypnosis has been a source of interest in the psychological and psychiatric communities for a number of years, the courts which have dealt with admissibility of hypnotically induced testimony are hopelessly split. More often where its use was permitted, it was introduced to bolster a physician's conclusions when testing a defendant rather than to usurp a jury's factfinding prerogatives. See Anno: *Admissibility of hypnotic evidence at criminal trial,* 92 ALR3d 442, and Anno: *Admissibility of physiological or psychological truth and deception test or its results to support physician's testimony,* 41 ALR3d 1369. Also see Anno: *Physiological or psychological truth and deception tests,* 23 ALR2d 1306 and footnote 1 therein on the many articles and writings discussing the subject.[5]

The prosecutor in the instant case argues that the test required by *People v Tobey,* 401 Mich 141; 257 NW2d 537 (1977), reaffirming *People v Barbara,* 400 Mich 352; 255 NW2d 171 (1977), is not applicable in this case because the deputy's memory was merely refreshed consistent with the pro-

---

[5] See *United States v Awkard,* 597 F2d 667, 670 (CA 9, 1979), which states:

"[S]everal important considerations limit the discretion of the trial judge when the expert testimony concerns only the ability of a witness to recall details of past experience. In analogous areas, the Federal Rules of Evidence carefully restrict the bolstering of a witness's testimony when the credibility of that witness has not been attacked. For example, prior consistent statements by a witness may not be introduced until an adverse party has charged the witness with recent fabrication or improper influence or motive. *See* Fed R Evid 801(d)(1), and Advisory Committee note (C) thereto. Evidence of turthful character may be introduced only in the forms of opinion or reputation evidence, and only when the character of the witness for truthfulness has been attacked. *See* Fed R Evid 608(a)."

visions of MRE 612(b) relative to using an object to refresh memory. If such circumstances were applicable here, notice should have been given in advance of trial and not kept as a surprise to spring the day of trial.

Even in those jurisdictions where testimony refreshed by hypnosis has been allowed in evidence, reversal has been predicated on failure to disclose the fact of hypnosis. *United States v Miller,* 411 F2d 825 (CA 2, 1969), *Emmett v Ricketts,* 397 F Supp 1025 (ND Ga, 1975).[6]

Investigatory use of hypnosis on persons who are later called on to testify in court carries a dangerous potential for abuse. The United States Court of Appeals for the Ninth Circuit in *United States v Adams,* 581 F2d 193 (CA 9, 1978), noting that the Ninth Circuit accepts such testimony both in criminal and civil cases, said its concern about the possibility of abuse requires at a minimum that complete stenographic records of interviews of hypnotized persons who later testify should be maintained and the judge, jury and the opponent know who was present, the questions that were asked and the witness's responses. The court further suggested that an audio or video recording of the interview would be helpful.[7]

Another jurisdicition which has accepted hypnotically refreshed testimony indicated that the

---

[6] See Comment: *The Prosecutor's Constitutional Duty to Reveal Evidence to the Defendant,* 74 Yale L J 136 (1964).

[7] See *United States v Awkard, supra,* 669, fn 2, as follows:

"We have suggested procedures to be followed during hypnosis to ensure that posthypnosis statements are truly the subject's own recollections. *United States v Adams,* 581 F2d at 198-99 and n 12. Objections to the subject testimony on the ground that such procedures were not followed should be heard by the district judge before trial, or out of the presence of the jury on voir dire of the witness. If the trial court overrules the objection and permits the subject to testify, the adverse party may, if it wishes, expose the details of the hypnosis to the jury."

use of hypnosis bears upon credibility, not admissibility. *State v McQueen,* 295 NC 96; 244 SE2d 414 (1978).

If no *People v Tobey, supra,* problem were present in this case, the trial court still committed reversible error by denying defense counsel the opportunity to make the jury fully aware of all the underlying facts of the key witness's changed testimony at trial.

Very clearly *Tobey,* in its reaffirmation of *People v Barbara, supra,* was applicable to the instant case, trial being had in March, 1979, much later than the 1977 determination of *Barbara* and *Tobey.* Hypnosis has not "achieved that degree of general scientific acceptance" which will permit its introduction. *People v Tobey, supra,* 146, citing *People v Kelly,* 17 Cal 3d 24, 28; 130 Cal Rptr 144; 549 P2d 1240 (1976), ruling on voicewriter identification. *Barbara* required that general scientific recognition be established by testimony of disinterested and impartial experts or disinterested scientists whose livelihood was not intimately connected with the technique.

In the instant case the technique is not new, but we believe the same requirements must be met as are required for the introduction of lie detector or voicewriter evidence or evidence influenced by them.

### III

Inasmuch as error has been found, the question of its effect must be dealt with. In *People v Morris,* 77 Mich App 561; 258 NW2d 559 (1977), the Court dealt with police misconduct, but not prosecutorial misconduct, and upheld dismissal on due process grounds.

In the case at bar, we have prosecutorial misconduct. In *United States v Pollock,* 417 F Supp 1332, 1349 (D Mass, 1976), the court found that government misconduct involved a bad faith attempt to "tamper with evidence material to a defendant's guilt or innocence". A dismissal of the prosecution was ordered because all other alternative remedies were considered by the court to be inadequate and therefore a trial would be fundamentally unfair and a denial of due process. Clearly such a remedy is rarely justified. *People v Morris, supra,* 563-564.

By virtue of the prosecutor's improper actions in this case, deputy sheriff Kirk Myers' testimony has been damaged to the extent that it cannot be used on retrial of the case. In lieu of discharge, the case is remanded for retrial, but the prosecution shall be absolutely prohibited from in any way using any testimony of deputy sheriff Myers. The trial court is adjured to permit no testimony of any kind as to what Myers may have seen or heard.

Reversed and remanded for new trial.