PEOPLE v WILLIAMSON

Docket No. 70517. Submitted June 5, 1984, at Grand Rapids.—Decided October 16, 1984.

Defendant, Clarence Williamson, was convicted following a bench trial in the Recorder's Court for the City of Detroit of resisting and obstructing an officer in the execution of an ordinance and was sentenced to five years probation. Defendant appealed and the Court of Appeals reversed and remanded in an unpublished opinion (Docket No. 54862, released January 21, 1983). On remand, defendant argued and the trial court, Leonard Townsend, J., agreed that because the statute under which he was convicted imposed a maximum punishment of two years imprisonment and/or a maximum fine of $1,000 and because defendant had served two years of his probation in an exemplary manner, there was no reason to further prosecute the defendant on this charge. Defendant's motion to dismiss was granted over the prosecutor's objection. The people appeal. *Held:*

The trial court improperly dismissed the charge over the prosecutor's objection without finding any abuse of discretion on the part of the prosecutor. The ground stated by the trial court was not sufficient to justify the dismissal over the prosecutor's objection.

Reversed and remanded.

1. CRIMINAL LAW — TRIAL — DISMISSAL OF CHARGES.

Trial courts may dismiss criminal charges over a prosecutor's objection only where permitted by statute or where there is an insufficiency of the evidence.

2. CRIMINAL LAW — PROSECUTING ATTORNEYS — NOLLE PROSEQUI.

Generally, only a prosecutor has the authority as part of the executive function to initiate a nolle prosequi, though entry of the order is subject to the approval of the courts; however, a trial court may enter a nolle prosequi on its own initiative

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 514.
 30 Am Jur 2d, Evidence § 1170.
[2] 21 Am Jur 2d, Criminal Law §§ 512, 516.
[3] 21 Am Jur 2d, Criminal Law § 516.

where it finds that the prosecuting attorney or the examining magistrate has abused his or her discretion in proceeding against the defendant.

3. CRIMINAL LAW — PROSECUTING ATTORNEYS — NOLLE PROSEQUI.

A prosecuting attorney may not enter a nolle prosequi upon an indictment, or discontinue or abandon the indictment, without stating on the record the reasons therefor and without leave of the court having jurisdiction to try the offense charged entered in the minutes (MCL 767.29; MSA 28.969).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Alice B. Rucker,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and M. J. KELLY and C. H. MULLEN,* JJ.

PER CURIAM. Following a waiver of the right to a jury trial, defendant was convicted on September 15, 1980, following a bench trial of resisting and obstructing an officer, MCL 750.479; MSA 28.747. He was sentenced to five years probation but his conviction was reversed on appeal and the cause was remanded in *People v Williamson* (Docket No. 54862, decided January 21, 1983 [unreported]).

On remand, defendant moved to dismiss the charge on the basis that any further prosecution had been rendered moot. Defendant argued and the trial court agreed that, because the statute under which he was convicted imposed a maximum punishment of two years imprisonment and/or a maximum fine of $1,000 and because defendant had served two of his five years probation sentence in an exemplary manner, there was no

* Circuit judge, sitting on the Court of Appeals by assignment.

reason to further prosecute defendant on this charge. Defendant's motion to dismiss was granted over the prosecution's objection. We reverse.

Trial courts may dismiss criminal charges over the prosecutor's objection only where permitted by statute or where there is an insufficiency of the evidence. *People v Augustus Jones,* 94 Mich App 516, 519; 288 NW2d 411 (1979); *People v Morris,* 77 Mich App 561, 563; 258 NW2d 559 (1977), *lv den* 402 Mich 844 (1977). The issue here is whether the trial court was authorized under the nolle prosequi statute to dismiss the charge in this case. MCL 767.29; MSA 28.969 provides:

"A prosecuting attorney shall not enter a nolle prosequi upon an indictment, or discontinue or abandon the indictment, without stating on the record the reasons for the discontinuance or abandonment and without the leave of the court having jurisdiction to try the offense charged, entered in its minutes."

The general rule is that only the prosecutor has the authority as part of the executive function to initiate a nolle prosequi, though entry of the order is subject to the approval of the courts. *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974); *People v Nelson,* 66 Mich App 60, 64; 238 NW2d 201 (1975). This Court has held, however, that in limited circumstances a trial court may enter a nolle prosequi on its own initiative, over the objection of the prosecutor. Where the trial court finds that the prosecuting attorney or the examining magistrate has abused his or her discretion in proceeding against the defendant, a nolle prosequi may be entered. *Nelson, supra,* pp 65-66, citing *Genesee Prosecutor, supra.*

In this case, the trial court dismissed the charge against the defendant without finding any abuse of

discretion on the part of the prosecutor. The trial court's sole reason for dismissing the charge against the defendant related to the time served by the defendant on probation pending the first appeal. This ground was not sufficient to justify the trial court's dismissal of the charge over the prosecutor's objection. Compare *People v McCartney,* 72 Mich App 580; 250 NW2d 135 (1976).

On remand, defendant is faced only with the information charging him under MCL 750.479; MSA 28.747. Although defendant was originally charged with felonious assault, MCL 750.87; MSA 28.282, the prosecution amended the information at trial reducing the charge to resisting and obstructing an officer in the execution of an ordinance.

Reversed and remanded.