PEOPLE v PEEPLES

Docket No. 93736. Submitted August 9, 1988, at Grand Rapids.
Decided August 7, 1989. Leave to appeal applied for.

Richard T. Peeples was convicted of first-degree criminal sexual
conduct in the Kalamazoo Circuit Court. He appealed and the
Court of Appeals reversed because of prosecutorial misconduct
in eliciting testimony from an arresting officer of defendant's
silence and the erroneous admission of defendant's postarrest
statements elicited contrary to his *Miranda* right to remain
silent. Unpublished opinion per curiam of the Court of Appeals,
decided November 10, 1981 (Docket No. 55765). A second trial
concluded with the grant of defendant's request for a mistrial
after a police witness made an indirect reference to defendant's
first trial and sentence during prosecutorial direct examination.
A third trial resulted in a conviction of first-degree criminal
sexual conduct. Defendant appealed and the Court of Appeals
reversed because of testimony by a police officer which violated
defendant's *Miranda* right and the failure to instruct on the
lesser included offense of second-degree criminal sexual con-
duct. Unpublished opinion per curiam of the Court of Appeals,
decided October 10, 1985 (Docket No. 70405). Defendant's
fourth trial resulted in his third conviction of first-degree
criminal sexual conduct. The trial court, Robert L. Borsos, J.,
sentenced him to from three to ten years imprisonment. Defen-
dant appealed.

The Court of Appeals *held:*

1. The four trials did not violate defendant's right to due
process of law.

2. The evidence was sufficient to support the personal injury
element serving to elevate defendant's conviction from criminal
sexual conduct in the third degree to the first degree.

Affirmed.

HOLBROOK, JR., P.J., dissented. He agrees that the evidence
was sufficient to support the personal injury element serving to

REFERENCES

Am Jur 2d, Criminal Law §§ 263 *et seq.*

See the Index to Annotations under Double Jeopardy; Mistrial; New
Trial.

elevate defendant's conviction from criminal sexual conduct in the third degree to the first degree. He would also reject defendant's double jeopardy claim. He would, however, find under the facts that defendant's right to due process was violated by his fourth trial. He would reverse and direct that the charges against defendant be dismissed.

CRIMINAL LAW — DUE PROCESS — SUCCESSIVE PROSECUTIONS.

Defendant's right to due process of law was not violated when he was convicted following a fourth trial after his convictions following his first and third trials were reversed and his second trial ended in a mistrial where there is no evidence of blatant or inexcusable misconduct on the part of the police or the prosecutor during the second, third or fourth trials and no evidence that the successive prosecutions were brought to harass the defendant or in an attempt to judge shop.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *David W. DeBack,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Michael Schuck*), for defendant on appeal.

Before: HOLBROOK, JR., P.J., and MURPHY and C. O. GRATHWOHL,* JJ.

C.O. GRATHWOHL, J. Defendant appeals from his jury conviction of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). Defendant was sentenced to a prison term of three to ten years. We affirm.

The instant case is presented as an appeal from defendant's fourth trial on this charge. Defendant was originally charged by information filed in circuit court on January 15, 1980, for the instant offense, which occurred on December 22, 1979. The first trial resulted in a conviction for first-degree criminal sexual conduct, which was reversed by this Court on two grounds: (1) prosecutorial mis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

conduct in eliciting testimony from the arresting officer of defendant's silence, contrary to *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973); and (2) the erroneous admission of defendant's postarrest statements elicited contrary to his *Miranda* right to a cessation of police interrogation once an accused has chosen to remain silent. *People v Peeples,* unpublished opinion per curiam of the Court of Appeals, decided November 10, 1981 (Docket No. 55765). The first ground was deemed "so blatant a violation of *Bobo* as to constitute an affront to the integrity of the trial process." Defendant's second trial concluded with the court's grant of defendant's request for a mistrial after a police witness made an indirect reference to defendant's first trial and sentence during prosecutorial direct examination. Immediately prior to the court's ruling, the prosecutor represented that he had advised the witness not to make reference to defendant's previous imprisonment and that he had not intended that the objectionable testimony be given. Defendant's third trial in November of 1982 resulted in a conviction of first-degree criminal sexual conduct. This conviction was also reversed on appeal for two stated reasons: (1) the testimony given by one of the arresting officers was contrary to defendant's *Miranda* rights as determined in the first appeal; consequently, the trial court's decision to allow the testimony was contrary to the law of the case; and (2) the trial court should have given an instruction on the lesser included offense of second-degree criminal sexual conduct. *People v Peeples,* unpublished opinion per curiam of the Court of Appeals, decided October 10, 1985 (Docket No. 70405). The fourth trial resulted in his third conviction of first-degree criminal sexual conduct in February and March of 1986. This conviction is the basis for the instant appeal.

The four trials did not violate defendant's right to due process of law. There is no evidence of blatant or inexcusable misconduct on the part of the police or prosecutor during the second, third or fourth trials. *People v Walls,* 117 Mich App 691; 324 NW2d 136 (1982). Nor was there evidence that the successive prosecutions were brought to harass defendant or in an attempt to "judge shop."

In *People v Thompson,* 424 Mich 118; 379 NW2d 49 (1985), our Supreme Court upheld the defendant's conviction following a third trial. The *Thompson* Court held that retrial following a mistrial due to a deadlocked jury does not violate a defendant's right to due process or a fair trial. The Court stated that subsequent retrials are continuations of the same case assuming a sufficiency of the evidence. I find no authority that a fourth trial violates defendant's right to due process.

In three of the four separate trials, a jury found defendant guilty of first-degree criminal sexual conduct. It can be argued that defendant was subjected each time to expense, ordeal and anxiety. However, my sympathies lie with the victim who not only was forced against her will to perform oral sex twice and have intercourse twice with defendant, but also had to relive those agonizing moments many times prior to and during the four trials.

I reject defendant's claim that the evidence was insufficient to support the personal injury element serving to elevate defendant's conviction from criminal sexual conduct in the third degree to the first degree. See *People v Hollis,* 96 Mich App 333, 336-338; 292 NW2d 538 (1980); *People v Kraai,* 92 Mich App 398, 402-403; 285 NW2d 309 (1979), lv den 407 Mich 954 (1980).

Affirmed.

MURPHY, J., concurred in the result only.

HOLBROOK, JR., P.J., *(dissenting)*. I would reverse. I would also reject defendant's claim that the evidence was insufficient to support the personal injury element serving to elevate defendant's conviction from criminal sexual conduct in the third degree to the first degree. See *People v Hollis,* 96 Mich App 333, 336-338; 292 NW2d 538 (1980); *People v Kraai,* 92 Mich App 398, 402-403; 285 NW2d 309 (1979), lv den 407 Mich 954 (1980). Additionally, I would reject defendant's double jeopardy claim. See *People v McPherson,* 38 Mich App 534; 197 NW2d 173 (1972).

Where I disagree with Judge Grathwohl is with respect to defendant's argument that by subjecting him to repeated retrial due process was violated. I agree with defendant and premise my opinion for reversal on the conclusion that the course these proceedings took at some point amounted to a denial of due process. Due process is violated by a failure to accord the defendant fundamental fairness. *People v Thompson,* 424 Mich 118, 133; 379 NW2d 49 (1985). A corollary of this basic principle is that prosecutorial misconduct depriving the defendant of a fair proceeding can amount to a denial of due process. See *People v Walls,* 117 Mich App 691; 324 NW2d 136 (1982).

In *Thompson, supra,* the defendant contended that his retrial after a mistrial declared due to jury deadlock in the second of three trials violated both Michigan and federal due process guarantees. Although the Court rejected the claim on its facts, which did not rise to the level of fundamental unfairness, the Court explicitly refused to foreclose the possibility that repeated retrials could violate due process. Taking prompting from the intimation by our Supreme Court in *Thompson* that due process does act to constrain repeated retrials at

some point,[1] I would conclude that each case must be examined on its own facts and turn to the controlling considerations in the case at bar. Unlike a double jeopardy evaluation, which is limited in focus to the trial in which jeopardy is claimed to bar any subsequent retrial, consideration of a possible due process violation extends to an overview of the entire history of the prosecution against defendant.

Defendant was subjected to the expense, ordeal, and state of anxiety attendant to four trials. Although I do not believe that four trials for one offense necessarily amount to a due process deprivation in most instances, I note the predominant role that prosecutorial and police misconduct and neglect played in withholding a final determination of guilt or innocence in the course of a single trial. Some instances of misconduct appear to be blatant and inexcusable. Although this case factually presents a close question, at some point enough becomes enough. I would conclude that a fourth trial in this case surpassed that point and thereby denied defendant a fair trial. Accordingly, I would reverse with the direction that the charges against defendant be dismissed.

[1] See also *People v Pribble,* 72 Mich App 219; 249 NW2d 363 (1976), lv den 409 Mich 902 (1980); *Harris v State,* 312 Md 225; 539 A2d 637 (1988).