23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Richard Timothy PEEPLES, Petitioner-Appellant,
v.
Joseph ABRAMAJTYS, Respondent-Appellee.
 Nos. 93-2427, 93-2511.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1994.
 
 Before: MARTIN, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1980, Richard Timothy Peeples was convicted of first degree criminal sexual conduct following a jury trial. The conviction, however, was reversed on appeal, on grounds of prosecutorial misconduct and the improper use of a statement elicited contrary to the defendant's Miranda rights. A second jury trial ended in a declaration of mistrial requested by the defendant. A third jury trial resulted in a conviction which was also reversed on appeal, based on an improper ruling by the trial court and the failure to instruct on a lesser included offense. Following a fourth jury trial, Peeples was again convicted and sentenced to serve a term of ten to twenty years of imprisonment. This final conviction was upheld on appeal. People v. Peeples, 444 N.W.2d 248 (Mich.App.1989).
 
 
 3
 In his petition for a writ of habeas corpus, Peeples maintained that the declaration of a mistrial during his second trial barred retrial, that the introduction of a post-arrest statement at his fourth trial denied him a fundamentally fair proceeding, and that subjecting him to repetitive trials violated his right of due process. The petition was referred to a magistrate judge who determined that Peeples's claims lacked merit. The district court overruled Peeples's objections to the magistrate judge's findings and dismissed the petition. Peeples filed two notices of appeal from the district court's judgment.
 
 
 4
 Upon review, we conclude that the petition was properly dismissed because Peeples has not shown that he was denied a fundamentally fair trial that has resulted in his unjust confinement. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 5
 First, the declaration of a mistrial did not bar retrial in this case. Retrial is not barred where a defendant's motion for a mistrial has been granted unless the defendant's motion was based on prosecutorial misconduct and the defendant has shown that the prosecutor intended to provoke a motion for mistrial. See Oregon v. Kennedy, 456 U.S. 667, 697 (1982). To make out a prima facie case that the prosecutor intentionally provoked a mistrial, the defendant must present evidence that (1) the prosecutor committed misconduct, (2) the defendant moved for a mistrial, (3) the trial court granted the motion for a mistrial, and (4) the prosecutor intended to provoke the defense into moving for a mistrial. Id. at 676. Although review of the record of Peeples's second trial shows that he sought a declaration of mistrial based on prosecutorial misconduct, he has not met his burden of showing that the prosecutor intentionally provoked the motion.
 
 
 6
 Second, Peeples was not denied a fundamentally fair proceeding at his fourth trial, notwithstanding the admission of a post-arrest statement allegedly elicited in violation of his Miranda rights. Such a statement may not be used in the prosecution's case-in-chief, but is admissible for purposes of impeachment. Oregon v. Elstad, 470 U.S. 298, 307 (1985). Review of the record shows that the trial court did not err by admitting the otherwise excludable statement in this case.
 
 
 7
 Third, subjecting Peeples to four trials did not result in a violation of due process. A defendant's interest in avoiding the harassment and strain of multiple prosecutions must be weighed against "the public's interest in fair trials designed to end in just judgments." See United States v. Castellanos, 478 F.2d 749, 752-53 (2d Cir.1973) (citing Wade v. Hunter, 336 U.S. 684, 689 (1949)). Double jeopardy was not a bar to retrial after the convictions resulting from the first and third trials were reversed on appeal, cf. Lockhart v. Nelson, 488 U.S. 33, 38 (1988), nor was retrial barred following the declaration of a mistrial. When not barred by the prohibition against double jeopardy, the provision of a new trial free of prejudice is the proper means of vindicating the constitutional rights of an accused. See United States v. Hollywood Motor Car Co., 458 U.S. 263, 268 (1982). We conclude that the public's interest in a just judgment outweighed Peeples's interests in this case.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.