PEOPLE v SIERB

Docket No. 179269. Submitted June 4, 1996, at Detroit. Decided September 27, 1996, at 9:05 A.M. Leave to appeal granted, 454 Mich __.

James Sierb was charged in the Recorder's Court of Detroit with burning real property and burning insured property. The defendant was twice tried with respect to those charges, with each trial ending in a mistrial as a result of the failure of the jury to reach a verdict. When the prosecutor prepared to try the defendant a third time, the defendant moved for dismissal of the charges. The court, Dalton A. Roberson, J., dismissed the charges with prejudice, holding that a third trial would violate the Due Process Clauses of both the state and the federal constitutions. The prosecutor appealed.

The Court of Appeals *held*:

1. The principle of separation of powers restricts judicial interference with a prosecutor's exercise of the executive function of bringing criminal charges. Normally, a court can dismiss criminal charges over an objection by a prosecutor only when authorized to do so by statute or when there is an insufficiency of evidence. However, in certain situations, constitutional guarantees require that a court dismiss criminal charges.

2. Due process requires fundamental fairness. Accordingly, the question whether due process bars a retrial of the criminal charges in a particular case turns on whether, under the circumstances of the case, a retrial of the charges would violate a defendant's right to fundamental fairness. In the present case, the anxiety, stress, humiliation, and cost to the defendant of the reprosecution of these charges where no new evidence will be presented on retrial makes this case a proper subject for the application of traditional ideas of fundamental fairness and substantial justice. Without minimizing the seriousness of the criminal charges that were brought, the public's interest in yet another retrial of these charges does not outweigh the defendant's due process right to fundamental fairness.

Affirmed.

J. J. McDONALD, J., concurring in part and dissenting in part, stated that the order of the trial court should be reversed and the case should be remanded for a new trial, because, although due process under some circumstances may require dismissal of crimi-

nal charges as the result of successive retrials of the same charges, the facts of this case do not establish that a retrial of these charges will impose an unfair burden on the defendant.

1. CRIMINAL LAW — COURTS — DISMISSAL OF CRIMINAL CHARGES — SEPARATION OF POWERS.

The principle of separation of powers restricts judicial interference with a prosecutor's exercise of the executive function of bringing criminal charges; normally, a court can dismiss criminal charges over an objection by a prosecutor only when authorized to do so by statute or when there is an insufficiency of evidence; however, in certain situations, constitutional guarantees require that a court dismiss criminal charges.

2. CRIMINAL LAW — COURTS — RETRIAL OF CRIMINAL CHARGES — DUE PROCESS.

A court may dismiss criminal charges over a prosecutor's objection where two prior trials of the charges resulted in mistrials as a result of the inability of the juries to reach a verdict and the consequences of another retrial would violate the defendant's due process right to fundamental fairness.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for the people.

*Magill & Szymanski* (by *Duncan M. Szymanski*), for the defendant.

Before: CAVANAGH, P.J., and HOOD and J. J. McDON-ALD,* JJ.

CAVANAGH, P.J. The prosecutor appeals as of right from the trial court order dismissing the charges against defendant. We affirm.

Defendant was the owner of a sports equipment store. On June 27, 1990, defendant's store was damaged in a fire. Evidence was obtained indicating that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

there was no sign of illegal entry, the fire had been caused by the ignition of a flammable liquid, and, two weeks before the fire, defendant had increased the contents insurance on the store from $50,000 to $75,000. Defendant was arrested and charged with one count of burning real property, MCL 750.73; MSA 28.268, and one count of burning insured property, MCL 750.75; MSA 28.270.

Defendant was tried before a jury in June 1993. The trial ended in a hung jury. Defendant was retried in February 1994, and again the jury failed to reach a verdict. As the prosecutor prepared to try defendant a third time, defendant moved for dismissal of the charges. On August 5, 1994, a hearing was held on defendant's motion. In rejecting the prosecutor's arguments against defendant's motion, the trial court stated:

> [Y]ou had two shots at him. When do you stop? How many times are you going to try this case[?] Suppose you get another hung jury?
>
> *    *    *
>
> [I]t has to stop somewhere. You can punish a person— you can get a person involved in a criminal trial, never get a conviction and do him as bad [sic] as if he had been sent to prison. Because you could literally economically ruin him.

Subsequently, in a written opinion, the trial court stated that to try defendant a third time would violate the Due Process Clauses of both the United States and the Michigan Constitutions, relying on the Supreme Court's decision in *People v Thompson*, 424 Mich 118; 379 NW2d 49 (1985). The trial court then dismissed the charges against defendant with prejudice. The prosecutor appeals as of right.

On appeal, the prosecutor argues that the trial court's action violates the principle of separation of powers. This is a question of law that we review de novo on appeal. *People v Artman*, 218 Mich App 236, 239; 553 NW2d 673 (1996).

In *Thompson*, the Supreme Court held that due process of law is not violated when a defendant is retried after a single mistrial caused by jury deadlock. *Thompson, supra* at 133. However, the Court stated that "there may be cases in which repeated retrials after repeated jury deadlock might be so fundamentally unfair as to violate the due process guaranteed by Const 1963, art 1, § 17, or the Fourteenth Amendment to the United States Constitution." *Id.*

Subsequently, this Court examined the question whether repeated trials violated a defendant's due process rights in *People v Peeples*, 178 Mich App 743; 444 NW2d 248 (1989). In *Peeples*, the defendant was tried four times. In three of the four trials, the juries convicted the defendant. Two of the convictions were reversed because of misconduct on the part of the police and the prosecutor. In addition, a mistrial was declared after a witness made a reference to defendant's first trial and sentence. *Id.* at 745-746. In a divided opinion,[1] this Court held that a fourth trial did not violate the defendant's right to due process.

In reviewing the case law from other jurisdictions,[2] it appears that no court has held that a mistrial after one deadlocked jury prevented retrial. *Sullivan v State*, 874 SW2d 699, 701 (Tex App, 1994); see *Rich-*

---

[1] One judge concurred in the result only, and the third judge dissented.

[2] See generally anno: *Propriety of court's dismissing indictment or prosecution because of failure to agree after successive trials*, 4 ALR4th 1274, and the 1995 supplement, pp 188-189.

*ardson v United States,* 468 US 317, 326; 104 S Ct 3081; 82 L Ed 2d 242 (1984) (holding that one mistrial after a deadlocked jury did not prevent retrial); *State v Sauve,* 666 A2d 1164, 1170 (Vt, 1995) (reaching the same result). In addition, no court of record has permitted a retrial after four deadlocked juries. See *Preston v Blackledge,* 332 F Supp 681, 682 (ED NC, 1971) (holding that the defendants' rights under the Double Jeopardy Clause were violated by five trials). However, courts have split on whether a third or fourth trial after mistrials due to deadlocked juries is permissible. See, e.g., *United States v Gunter,* 546 F2d 861, 864 (CA 10, 1976) (permitting a third trial after two mistrials), cert den 431 US 920 (1977); *Ex parte Anderson,* 457 So 2d 446, 451-452 (Ala, 1984) (permitting a fourth trial after three mistrials due to deadlocked juries); *State v Moriwake,* 65 Hawaii 47, 57-58; 647 P2d 705 (1982) (refusing to allow retrial after two deadlocked juries); *State v Abbati,* 99 NJ 418, 436; 493 A2d 513 (1985) (refusing to allow retrial after two deadlocked juries); *State v Witt,* 572 SW2d 913, 917 (Tenn, 1978) (refusing to allow retrial after three deadlocked juries); *Sullivan, supra* at 705 (permitting retrial after three mistrials, two due to deadlocked juries).

Most courts have rejected double jeopardy as a basis to bar retrial after two or more deadlocked juries. See, e.g., *Moriwake, supra* at 54; *Witt, supra* at 917. Only one court has held that double jeopardy prohibits multiple retrials after deadlocked juries. See *Preston, supra.* In the present case, defendant does not contend that a third trial would violate the constitutional provisions against double jeopardy.

In ruling that retrial was barred after successive mistrials, other courts have relied on the trial court's inherent or implied powers. In *Moriwake, supra*, the Hawaiian Supreme Court stated:

> That aspect of the judicial power which seeks to "administer justice" is properly invoked when a trial court *sua sponte* dismisses an indictment with prejudice following the declaration of one or more mistrials because of genuinely deadlocked juries, even though the defendant's constitutional rights are not yet implicated. [*Moriwake, supra* at 55.]

The appropriate factors to be considered are (1) the severity of the offense charged; (2) the number of prior mistrials and the circumstances of the jury deliberations therein, so far as is known; (3) the character of prior trials in terms of length, complexity, and similarity of evidence presented; (4) the likelihood of any substantial difference in a subsequent trial, if allowed; (5) the trial court's own evaluation of relative case strength; and (6) the professional conduct and diligence of respective counsel, particularly that of the prosecuting attorney. *Id.* at 56.

Similarly, the New Jersey Supreme Court held that

> precepts of fundamental fairness, together with the judiciary's need to create appropriate and just remedies, and its general responsibility to assure the overall efficient administration of the criminal justice system, confirm an inherent power in a trial court to dismiss an indictment with prejudice following general mistrials attributable to repeated jury deadlocks. [*Abbati, supra* at 427.]

The factors that the *Abbati* court said that the trial court should consider are essentially identical to the factors identified by the *Moriwake* court. However,

the *Abbati* court omitted the severity of the offense and supplied two additional factors, the basis of the prosecutor's decision to reprosecute and the effect of the retrial on the defendant, in terms of hardship and unfairness. *Id.* at 435.

In the present case, the prosecutor argues that the trial court's action violates the doctrine of separation of powers. Specifically, the prosecutor contends that because the prosecution of a criminal case is an executive function, the trial court was without legal authority to dismiss this case over the prosecutor's objection.

The county prosecutor is a constitutional officer with discretion to decide whether to initiate criminal charges. The principle of separation of powers restricts judicial interference with a prosecutor's exercise of executive discretion. *People v Herrick*, 216 Mich App 594, 598; 550 NW2d 541 (1996). Dismissal over prosecutorial objection is normally available as a remedy only when permitted by a statute or when there is an insufficiency of evidence. In certain other situations, however, constitutional guarantees will require dismissal. *People v Morris*, 77 Mich App 561, 563; 258 NW2d 559 (1977).[3]

As already discussed, the Supreme Court has recognized that in certain cases recurrent prosecutions

---

[3] The prosecutor contends that a trial court may dismiss a criminal charge over the prosecutor's objection only where there is insufficient evidence of guilt or where permitted by statute. In support of this contention, the prosecutor cites *People v Williamson*, 138 Mich App 397, 399; 360 NW2d 199 (1984), *People v Jones*, 94 Mich App 516, 519; 288 NW2d 411 (1979), and *Morris, supra. Williamson* and *Jones* both cite *Morris* in support of that proposition. However, *Williamson, Jones,* and the prosecutor all fail to mention that an exception to the general rule exists: that constitutional guarantees might require dismissal even over the prosecutor's objection. See *Morris, supra.*

after multiple jury deadlocks might be so fundamentally unfair as to violate a defendant's constitutional right to due process. See *Thompson, supra.* Accordingly, we must determine whether the circumstances of the present case support the trial court's finding that defendant's right to due process would be violated by a third trial.

This Court has stated:

> Due process requires fundamental fairness, which involves consideration of the private interest at stake, the risk of an erroneous deprivation of such interest through the procedures used, the probable value of additional or substitute procedures, and the state or government interest, including the function involved and the fiscal or administrative burdens imposed by substitute procedures. [*Dobrzenski v Dobrzenski*, 208 Mich App 514, 515; 528 NW2d 827 (1995).]

We conclude that on the facts of this case, retrial would violate defendant's right to due process of law under the United States and Michigan Constitutions. As the United States Supreme Court has stated:

> The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. [*Green v United States*, 355 US 184, 187-188; 78 S Ct 221; 2 L Ed 2d 199 (1957).]

In this case, the anxiety, stress, humiliation, and cost to the defendant of continual reprosecution where no new evidence exists is a proper subject for

the application of traditional ideas of fundamental fairness and substantial justice. Defendant has endured two trials, with two separate juries unable to reach a verdict. The prosecution has not indicated that it will be offering any new evidence at a third trial; accordingly, the probability of another hung jury is high.[4] In addition to his legal fees, defendant has been forced to incur considerable expense in retaining experts to testify at the first two trials. While we in no way minimize the seriousness of the crimes with which defendant was charged, we conclude that the public's interest in retrial does not outweigh defendant's right to due process and fundamental fairness.

We wish to emphasize that we do not hold that any specific number of mistrials due to jury deadlock will automatically indicate that a defendant's right to due process has been violated. Rather, we hold that the matter should be decided case by case. Whether a defendant's constitutional rights are infringed in a given case should be left to the sound discretion of the trial court, based on the factors enunciated in *Moriwake* and *Abbati* and on any other pertinent factors that are brought to the court's attention. See *Sullivan, supra* at 705.

Affirmed.

---

[4] In addition, as one court observed:

Retrials are almost always unsatisfactory. Counsel tend to try them more perfunctorily, testimony lacks freshness, subtle differences in recollections are blown up to challenge credibility and a certain atmosphere of staleness is created. All this impedes the search for truth. [*United States v Ingram*, 412 F Supp 384, 386 (D DC, 1976).]

HOOD, J., concurred.

J. J. McDONALD, J. *(concurring in part and dissenting in part).* I concur in part and dissent in part. I concur with the majority holding that the constitutional guarantees of due process may, on occasion, require dismissal of the charges against a defendant, over the prosecutor's objections. I would also concur that double jeopardy does not bar retrying a defendant after a jury deadlock. I would further concur that there is not any specific number of mistrials due to jury deadlock that will automatically violate a defendant's right to due process, justifying dismissal.

I dissent, however, with the outcome reached in this case. On the basis of the record before me, I would vote to reverse the trial court's order and reinstate the charges against the defendant so as to allow him to be retried at least one more time. Analyzing this case under the combined factors enumerated in *State v Abbati,* 99 NJ 418; 493 A2d 513 (1985), and *State v Moriwake,* 65 Hawaii 47; 647 P2d 705 (1982), I would find that the defendant's right to due process would not be violated in such a way to justify dismissal.

First, the severity of the offense is considered. Here, the defendant is charged with one count of burning real property, MCL 750.73; MSA 28.268, and one count of burning insured property, MCL 750.75; MSA 28.270. These are serious and dangerous crimes. There have been only two trials, and the split among the jurors indicates that the prosecutor presented a strong case against the defendant.[1] It appears that

---

[1] In response to my question to appellate counsel concerning the nature of the jury splits at the first and second trials, I recollect that counsel

this proposed third trial would present basically the same evidence as presented in the two prior trials, with the exception of attorney and expert witness fees, the costs would not be unduly burdensome upon the defendant. Furthermore, hung jury mistrials have consistently been considered as nullities and subsequent retrials have been determined to be nothing more than a continuation of the same case. *People v Thompson*, 424 Mich 118, 127; 379 NW2d 49 (1985). With regard to the likelihood of any substantial difference in another trial, I cannot gauge that likelihood. In this instance, the trial court never made a determination concerning either the relative strength or weakness of the prosecutor's case or the professional conduct or diligence of the respective counsel.

The two additional factors cited by the *Abbati* court are the basis of the prosecutor's decision to reprosecute and the effect on the defendant in terms of hardship and unfairness. *Abbati, supra* at 436. With respect to these factors, I can only speculate. There is nothing in the record to indicate that the prosecutor is being vindictive or has improper motives in reaching the decision to try the defendant for a third time. The prosecutor's job is to see that justice is done by retrying this case; that is probably what he is trying to accomplish. The number of jurors on the two juries who would have found the defendant guilty was also probably a factor in the prosecutor's decision to reprosecute. I do feel that another retrial will result in some hardship on the defendant, but that it will not necessarily result in any unfairness to him. Defendant

---

stated the juries' votes were deadlocked in the first trial at eight for guilty and four not guilty and at six guilty and six not guilty at the second trial.

will undoubtedly incur additional costs in defending against the reprosecution, but this is just one factor. If the jurors' votes had been mostly not guilty, perhaps to retry the defendant would be unfair, but that is not the case.

Like the majority, I am not ready to set a specific number of retrials after jury deadlocks that would violate a defendant's due process rights sufficiently to justify dismissal. If there is to be a change in the manner in which retrials following a mistrial due to a hung jury are conducted, then it is for the Michigan Supreme Court to decide the factors that a trial court should consider when deciding whether the defendant's rights to due process would be violated by a retrial after a hung jury. In this case, especially considering the results of the pollings of the two juries that have already heard the case, the prosecutor is not pursuing a meritless case. In this case, I would vote to reverse the trial court's order and remand the case for a retrial.