*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

MEKIO PRICE,

        Defendant-Appellee.

UNPUBLISHED
May 18, 2026
2:35 PM

No. 374150
Wayne Circuit Court
LC No. 24-002431-01-FH

Before: WALLACE, P.J., and GARRETT and ACKERMAN, JJ.

GARRETT, J. (*dissenting*).

I disagree with the majority's determination that the trial court's dismissal of the charges violated the constitutional separation of powers and amounted to an abuse of discretion. Because MRE 104(a) authorized the trial court to determine whether Officer Fragoso was qualified to testify as a police officer, and the court determined that he was not so qualified, the court had discretion to dismiss the charges. Accordingly, I would affirm.

As the majority correctly states, a county prosecutor is an executive-branch official, who may alone determine whether to file criminal charges against a person and which charges to file. *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 683-684; 194 NW2d 693 (1972); see also *People v Conat*, 238 Mich App 134, 149; 605 NW2d 49 (1999) ("[T]he decision whether to bring a charge and what charge to bring lies in the discretion of the prosecutor.") (Quotation marks and citation omitted). Because a trial court judge does not have supervisory control over a county prosecutor, "the trial court's authority over the discharge of the prosecutor's duties is limited to those activities or decisions by the prosecutor that are unconstitutional, illegal, or ultra vires." *People v Morrow*, 214 Mich App 158, 161; 542 NW2d 324 (1995). "Put differently, a trial court does not have authority to review the prosecuting attorney's decisions outside this narrow scope of judicial function." *Id*. "For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers." *Genesee Prosecutor*, 386 Mich at 684.

A trial court may dismiss criminal charges over the prosecutor's objection, however, if dismissal is permitted by statute or when the evidence is insufficient to support the charges. *People*

*v Williamson*, 138 Mich App 397, 399; 360 NW2d 199 (1984). "Where the trial court finds that the prosecuting attorney or the examining magistrate has abused his or her discretion in proceeding against the defendant, a *nolle prosequi* may be entered." *Id*. The majority correctly notes that Officer Fragoso's inactive MCOLES license did not render him incompetent to testify under MRE 601 because the absence of a valid MCOLES license did not require the conclusion that he lacked the ability to testify truthfully or understandably. However, because Officer Fragoso did not have a valid MCOLES license, he was not *qualified* to testify about the events giving rise to the criminal charges.

MRE 104(a) states, "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Here, Officer Fragoso was the officer who observed defendant, Mekio Price, make a "throwing motion" toward a vehicle immediately before Officer Fragoso heard a metal object strike the ground. Officer Fragoso was also the officer who recovered the firearm from under the vehicle, placed a tracking number on the firearm, and submitted it for further processing. MCL 28.609(14)(c) states that an individual with an MCOLES license "shall not exercise the law enforcement authority described in the laws of this state" if "[t]he individual's license is rendered inactive." MCL 28.609(1) provides that the employment of law enforcement officers must comply with the licensing requirements and procedures of the MCOLES. The definitions of "law enforcement officer" in the MCOLES include "an individual employed by a law enforcement agency" "to prevent and detect crime and enforce the general criminal laws of this state." MCL 28.602(f)(*i*)(A). Because Officer Fragoso's MCOLES license was inactive when he encountered Price, he was not authorized to engage in the police activity that led to Price's arrest. In fact, under MCL 28.609(14)(c), doing so was unlawful.[1] When it was discovered that Officer Fragoso's MCOLES license was inactive, he was placed on administrative leave and was still on administrative leave on the first day of trial when the trial court dismissed the charges.

Admittedly, caselaw involving a witness's qualifications to testify generally pertains to whether the witness is qualified to offer expert testimony, and the prosecution did not intend for Officer Fragoso to testify as an expert. However, because Officer Fragoso could not lawfully engage in police activity on the day of the incident, he was not qualified to testify as a police officer about Price's conduct and the actions he took as a result of the conduct. In support of its decision to dismiss the charges, the trial court noted that Officer Fragoso was the officer who observed Price appear to throw the firearm under a vehicle and who recovered the firearm along with other evidence. The court also noted that "it's illegal to work in the field as a police officer" without a valid MCOLES license. Further, the court expressed "concern[] with how the officer can perform specific tasks as an officer if he was not, in fact, an officer at the time . . . ." Accordingly, the court dismissed the charges. Although the court did not expressly state that Officer Fragoso was not qualified to testify as a police officer, that was the essence of its ruling. Further, as previously stated, the court recognized that Officer Fragoso's testimony was essential to the case, and the assistant prosecutor conceded that Officer Fragoso was the prosecution's "star witness." Notably,

---

[1] I do not suggest that Officer Fragoso engaged in any improper conduct or wrongdoing. The record shows that his MCOLES license became inactive because of an administrative error on behalf of the Detroit Police Department.

Officer Fragoso was the only witness to testify at Price's preliminary examination. Thus, the only evidence that supported Price's bindover was the testimony of an officer who was not authorized to act as a law enforcement officer.

Finally, this case does not involve a question of fact as was the situation in *Morrow* when the complainant recanted her testimony that the defendant sexually assaulted her. As the majority discussed, the recantation created a factual question for the jury to resolve, and the prosecutor could have impeached the complainant with her preliminary examination testimony. *Morrow*, 214 Mich App at 164. The concern in this case also does not involve the weight that a jury could accord Officer Fragoso's testimony. Rather, it involves Officer's Fragoso's qualifications to testify as a police officer altogether. The trial court made an evidentiary determination that Officer Fragoso's inactive MCOLES license precluded him from testifying, and the record establishes that the evidence was otherwise insufficient to support the charges. Because a *nolle prosequi* is permitted when the evidence is insufficient, *id*. at 162; *Williamson*, 138 Mich App at 397, I would hold that no separate-of-powers violation occurred and affirm.

/s/ Kristina Robinson Garrett

-3-